330 So.2d 792 (1976)
Robert Earl TILLER, Appellant,
v.
STATE of Florida, Appellee.
No. Z-488.
District Court of Appeal of Florida, First District.
April 30, 1976.
*793 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
PER CURIAM.
We are bound to agree with Tiller's assertion that the marijuana seized by officers in a search of Tiller's wrecked vehicle should have been suppressed as evidence in his prosecution for possession of more than five grams of the substance. That, however, does not avail Tiller, who appeals from a judgment entered on his plea of nolo contendere, reserving only the right to assign error in the trial court's denial of his motion to suppress the marijuana found in his automobile.
The record also shows that other marijuana was found by officers at the wreck scene in circumstances permitting an inference that Tiller possessed it in the automobile before the wreck. Tiller made no motion to suppress the use of that material as evidence and the record contains no representation by the state which would permit us to find that Tiller's prosecution was predicated entirely on the fruits of the illegal search. The conviction, entered on a plea which did not contest Tiller's possession of the marijuana exceeding five grams, will be affirmed.
We are authorized to decide contested questions of law, such as the Fourth Amendment question presented here, when the trial court determines to accept a plea of nolo contendere from an accused who wishes to reserve appellate rights concerning that question of law. State v. Ashby, 245 So.2d 225 (Fla. 1971). This case demonstrates that the remedy of appeal cannot be afforded such an accused when the search and seizure question he seeks to reserve for appellate determination is not dispositive of the case. The record at the time of the tender of the plea of nolo contendere should show clearly that the state's case against the accused cannot succeed without use of the evidence sought to be suppressed. Otherwise, appellate courts will be placed in the untenable position of rendering advisory opinions and the disposition of criminal cases will be unacceptably delayed.
AFFIRMED.
RAWLS, Acting C.J., and MILLS and SMITH, JJ., concur.