376 So.2d 382 (1979)
Edward J. BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 53782.
Supreme Court of Florida.
June 14, 1979.
Rehearing Denied November 27, 1979.
*383 Tobias Simon and Theodore L. Tripp, Jr., Miami, for petitioner.
Jim Smith, Atty. Gen., and Calvin F. Fox, Asst. Atty. Gen., Miami, for respondent.
SUNDBERG, Justice.
By petition for writ of certiorari, petitioner seeks review of the decision of the District Court of Appeal, Third District, reported at 355 So.2d 138, which is alleged to be in conflict with Fullard v. State, 352 So.2d 1271 (Fla. 1st DCA 1977). The issue presented is whether a criminal defendant, in order to plead nolo contendere and specifically reserve his right to appeal, must show that the legal issue reserved for appeal is dispositive of the case. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Petitioner was charged by information with unlawful possession of marijuana. He pleaded not guilty and filed a pretrial motion to suppress his confession. Petitioner did not, however, file a motion to suppress the marijuana. Upon stipulation of the parties the trial court considered a series of pretrial discovery depositions taken by the defense as the sole testimony on the motion to suppress. The record does not indicate whether this deposition testimony represented the full extent of the State's case against petitioner.
The testimony revealed that the police seized marijuana from petitioner's motel room while he was absent. Upon his return to the room and after an unsuccessful attempt to flee, petitioner was arrested and given his Miranda warnings. The police also arrested the person who was in the motel room at the time of the seizure of the contraband. At the police station a Sergeant Minium questioned petitioner but did not readvise him of his Miranda rights. During this interrogation petitioner admitted ownership of the marijuana.
After the trial court denied his motion to suppress the confession, petitioner changed his plea of not guilty to a plea of nolo contendere upon condition that he be allowed to appeal the denial of the motion to suppress. The trial court accepted his plea as so conditioned and placed him on two-years probation. The District Court of Appeal, Third District, dismissed petitioner's appeal, reasoning that under State v. Ashby, 245 So.2d 225 (Fla. 1971), a conditional nolo plea is permissible only if the legal issue to be appealed is dispositive of the case. In Fullard, supra, the District Court of Appeal, First District, reached a contrary result, holding that an Ashby nolo plea need not be conditioned upon a dispositive legal issue.
*384 Petitioner asserts that the limitation placed upon an Ashby nolo plea by the decision here under review is contrary to the intent of Ashby, supra, and the decisions of other district courts. Respondent counters by arguing that the policies underlying the Ashby rule are in fact subverted by permitting a nolo plea conditioned upon the right to appeal nondispositive issues. For the following reasons, we agree with respondent's contentions and hold that an Ashby nolo plea is permissible only when the legal issue to be determined on appeal is dispositive of the case. To the extent Fullard v. State, supra, holds to the contrary it is disapproved.
The practice of allowing an appeal after a plea of nolo contendere is grounded upon the belief that "it expedites resolution of the controversy and narrows the issues to be resolved."[1] These purposes are poorly served and, indeed, thwarted when a defendant is permitted to appeal nondispositive pretrial rulings. Instead of expediting resolution of the controversy, the procedure prolongs litigation by sanctioning, in effect, an interlocutory appeal. Because of the nondispositive nature of the appeal, the defendant faces the prospect of a trial even if he prevails on appeal. The inevitable is not avoided but merely postponed, thus further burdening the already severely taxed resources of our courts.
The more logical and efficient procedure to follow in this situation is to proceed to trial and fully ventilate all of the issues. In this way the matter will reach the appellate court in a familiar posture and with a full record upon which to base an intelligent decision.[2]
The vast majority of federal courts are in accord with the decision we reach today. United States v. Sepe, 486 F.2d 1044 (5th Cir.1973); United States v. Matthews, 472 F.2d 1173 (4th Cir.1973); United States v. Soltow, 444 F.2d 59 (10th Cir.1971); United States v. Karger, 439 F.2d 1108 (1st Cir.), cert. denied 403 U.S. 919, 91 S.Ct. 2230, 29 L.Ed.2d 696 (1971); Abram v. United States, 398 F.2d 350 (3d Cir.1968); United States v. Moretti, 353 F.2d 672 (2d Cir.1965), vacated and remanded on other grounds, 387 U.S. 425, 87 S.Ct. 1709, 18 L.Ed.2d 864 (1967). In United States v. Cox, 464 F.2d 937 (6th Cir.1972), the defendants pleaded guilty to the charge of possession of stolen property after the district court denied their motion to suppress.[3] The pleas were expressly conditioned upon the defendants' right to appeal the denial of the motion to suppress. The court refused to countenance this procedure on the following grounds:
Quite apart from the questions of legal consistency discussed above, we are also troubled by certain legal assumptions which have been made by the parties to this procedure. They appear to assume that a reviewing court can properly look at one legal issue, even one of constitutional dimensions, in isolation from the other facets of a case. This, of course, was a characteristic of the genius of the early common law but is not true of our modern system of jurisprudence. Under classical common law notions, the trial court always presented a single, finite issue, either factual or legal, to the reviewing court; that single issue, many times of artificial significance because of the peculiarities of common law pleading, would be dispositive of the entire case.
* * * * * *
In what is a throwback to common law practices, resembling in some ways the situation created by a demurrer, we are presented in the case at bar with a naked question of law which could very well be of artificial and inflated importance. Since there was no trial, the only record *385 before us is the hearing on the motion to suppress. We are left to conjecture whether the prosecution had additional evidence to present against the defendants. There is at least an inference that can be drawn from the limited record before us that since the arresting officers received a description of the defendants and their automobile over the police radio, there were some eyewitnesses to the crime itself. We are left to speculate that perhaps the prosecutor had sufficient additional evidence that he would not have introduced the evidence seized during the search of defendants' automobile and which the district judge ruled could be admitted into evidence. A ruling on the right to introduce evidence is, after all, not the same thing as actually introducing the evidence itself.
464 F.2d at 944-945.
We must now ascertain what constitutes a dispositive legal issue. In most cases the determination will be a simple one. Motions testing the sufficiency of the charging document, the constitutionality of a controlling statute, or the suppression of contraband for which a defendant is charged with possession are illustrative.[4] This case, however, presents us with one of the truly inscrutable areas  confessions. In order to determine accurately whether a confession is dispositive of a case, the prosecution would have to present to the trial judge all of the evidence it intended to introduce at trial. The judge would then have to decide, on the basis of hearsay and summarized information, whether there was sufficient evidence apart from the confession to support a conviction. Such a procedure would be unwieldy and time-consuming. Therefore, in order to avoid a mini-trial on the sufficiency of the evidence in each case involving a confession, we hold that as a matter of law a confession may not be considered dispositive of the case for purposes of an Ashby nolo plea.[5]
Under this rule, the trial judge will have wide discretion to accept or reject an Ashby nolo plea based upon his perception of the dispositive nature vel non of the legal issue reserved for appeal. His decision will be overturned only upon a showing of a clear abuse of discretion.[6]
Due to the varying pronouncements of the law in this area, and in order to eliminate any possibility of prejudice, petitioner will be given the opportunity to withdraw his plea of nolo contendere and plead anew if he so desires.
Accordingly, the writ of certiorari is discharged, the decision of the District Court of Appeal, Third District, is approved, and the cause is remanded to the district court with directions to remand to the Circuit Court of Dade County for proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C.J., and OVERTON and ALDERMAN, JJ., concur.
HATCHETT, J., dissents with Opinion.
HATCHETT, Justice, dissenting.
The rule announced by the majority serves no purpose other than to require thousands of unnecessary trials. The majority holds that a defendant in a criminal case may not admit the existence of all the essential elements of the crime with which he is charged, if he also desires review of a *386 trial court's pre-trial ruling on a question of law.
By fashioning a "dispositive" rule, the majority effectively holds that nolo contendere pleas may only be accepted by trial courts in two instances: (1) where the validity of the statute under which the charge is brought is upheld, or (2) where the charging document is fatally flawed. In no other instances can the trial court know whether its ruling on the reserved issue will be dispositive. In all other cases, the dispositive or non-dispositive nature of the ruling can only be determined on appeal. If the court's ruling on the reserved issue is affirmed, the issue was dispositive. If the court's ruling is reversed, the issue was not dispositive. It is just that simple. Why then does the majority direct trial courts to accept nolo contendere pleas only where the issue reserved is dispositive? If the majority means that defendants entering nolo contendere pleas may only reserve attacks on the validity of statutes and the sufficiency of charging documents, it should say so.
Why require the taxpayers to furnish full jury trials to defendants who are willing to admit all essential elements of the crime charged, but who wish to reserve for review a single pre-trial ruling on a question of law? Does the majority really intend to require trials where no facts are in dispute? Must we have a trial on the facts to test the correctness of a court's pre-trial ruling on the lawfulness of a search, where the defendant is ready to begin serving the sentence if the court's ruling is upheld?
In terms of speedy handling of criminal dockets, this new rule turns the clock back fifty years and places an unnecessary burden on trial judges, prosecutors, defense lawyers, law enforcement officers, and taxpayers.
Because rehabilitation begins with the admission of guilt, and because nolo contendere pleas move dockets, save money, and get rulings on legal issues that are genuinely in dispute, I dissent and would refuse to narrow the scope of our nolo contendere rule.
NOTES
[1] State v. Ashby, 245 So.2d at 228.
[2] In a recent case, First Amendment Foundation of Florida, Inc. v. State, 364 So.2d 450 (Fla. 1978), this Court refused to consider a nondispositive legal issue which had been reserved for appeal after an Ashby nolo plea.
[3] While the defendants in Cox entered a conditional guilty plea rather than a conditional nolo plea, the rationale of that case is fully applicable here.
[4] Tiller v. State, 330 So.2d 792 (Fla. 1st DCA 1976), does not stand for the proposition that a motion to suppress contraband is not a dispositive legal issue. In that case the police seized two separate caches of marijuana, one of which the defendant did not seek to suppress. Thus, the State had ample evidence upon which to convict the defendant aside from the marijuana sought to be suppressed.
[5] By this holding we do not mean to imply that a confession could not be dispositive of a case for other purposes. We simply decide that the benefits derived from permitting the appeal of confession issues after an Ashby nolo plea are outweighed by the disadvantages militating against it.
[6] See Fla.R.Crim.P. 3.172. Cf., Reyes v. Kelly, 224 So.2d 303 (Fla. 1969), cert. denied, 397 U.S. 958, 90 S.Ct. 961, 25 L.Ed.2d 142 (1970) (limiting the trial judge's discretion in refusing to accept a guilty plea).