382 So.2d 1227 (1979)
James R. PITTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-642.
District Court of Appeal of Florida, Second District.
October 17, 1979.
On Rehearing January 30, 1980.
Rehearing Denied May 8, 1980.
*1228 Jack O. Johnson, Public Defender, and David A. Davis, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appeal dismissed under the authority of Brown v. State, 376 So.2d 382 (Fla. 1979).
GRIMES, C.J., and HOBSON and BOARDMAN, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
The appellant pled nolo contendere to a charge of manslaughter reserving his right to appeal the denial of a motion to suppress certain evidence. His appeal was dismissed because on the record before us the issue of whether the motion to suppress should have been granted did not appear to be dispositive of the case. Appellant asks for a clarification concerning whether he would now be permitted to withdraw his plea since he was unable to obtain appellate review of the propriety of the denial of his motion to suppress. He refers to the following statement in Brown v. State, 376 So.2d 382 (Fla. 1979), the case upon which the dismissal was predicated.
Due to the varying pronouncements of the law in this area, and in order to eliminate any possibility of prejudice, petitioner will be given the opportunity to withdraw his plea of nolo contendere and plead anew if he so desires.
The state says that by pleading nolo contendere the appellant admitted that the state could prove its case and that should he now be permitted to withdraw his plea, he would be able to "have his cake and eat it too." The state further notes that it "may be substantially prejudiced in proving its case by the lapse of time."
Before the rendition of the Brown opinion there were decisions to the effect that appellate review of issues arising out of a plea of nolo contendere could be obtained only if the issues were dispositive of the case. See First Amendment Foundation of Florida, Inc. v. State, 364 So.2d 450 (Fla. 1978); Tiller v. State, 330 So.2d 792 (Fla. 1st DCA 1976). On the other hand, since the supreme court concluded that Brown, himself, should have the right to withdraw his plea of nolo contendere, we find it difficult to say that this appellant who entered his plea prior to the Brown decision should not also have the same right. We are concerned, however, by the state's suggestion that by reason of the lapse of time it may not now be able to prove its case, whereas presumably it would have been in a position *1229 to do so had the appellant pled not guilty and the case had gone to trial in due course.
In an effort to be fair to appellant and yet not place the state in any worse position than it would have been had the appellant not chosen to enter a nolo contendere plea, we have concluded to leave the question up to the trial court. We, therefore, relinquish jurisdiction for a period of thirty days with directions that the court hold a hearing to determine whether, in fact, the ruling on the motion to suppress was dispositive of the case and advise this court of its conclusion.[1] If the court concludes that the ruling was dispositive, the record should be supplemented to reflect this, and we will then grant rehearing of our order of dismissal and decide the appeal on the merits.
If the motion is determined not to have been dispositive of the case, this court shall be so notified, and we will deny the petition for rehearing. However, in that event the trial court should allow the appellant thirty days from the date of our mandate within which to file a motion to withdraw the plea and to set aside the judgment and sentence. The court should grant such motion unless the state is able to show that by reason of events occurring since the entry of the plea, it has been prejudiced in now being able to prove its case. An obvious example would be the state's inability to obtain the testimony of an essential witness who would have been available for an earlier trial. However, the mere passage of time, albeit a circumstance not often helpful to the state, standing by itself should not preclude a withdrawal of the plea. The burden shall be upon the state to show prejudice, but if the trial court, after hearing, finds prejudice to exist, then the motion to withdraw the plea should be denied. Under those circumstances the appellant could not legitimately complain because it was he who chose to follow the procedure of entering the nolo contendere plea and seeking appellate review of the denial of his motion to suppress. Should the appellant be denied the right to withdraw his plea, he may seek review of the order of denial by filing a new appeal in this court.
GRIMES, C.J., and HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] Of course, had the motion for suppression in this case been directed to a confession, under Brown the motion could never have been deemed dispositive.