DAUKSCH, C. J.
In these consolidated appeals, we are essentially foreclosed from giving relief to the appellants on some of the grounds because the errors of which they complain would not be dispositive of the case and they pleaded nolo contendere thereby giving up their right to trial. The alleged errors we cannot treat on appeal are the denial of a motion to sever, the denial of a motion to continue, and the denial of a motion to discharge because of an alleged delay which was violative of constitutional standards of due process and the right to a speedy trial as defined in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
The recent case of Brown v. State, 376 So.2d 382 (Fla.1979) discusses the rationale behind our not reviewing alleged errors which are not dispositive of the case.
In order for us to find error in the motion for severance and the denial of the motion for continuance then we must first find the appellants were prejudiced by the alleged error. It is impossible for us to do that without reviewing a trial. This applies to the motion for discharge as well because we must first find the appellants were prejudiced by the delay and that prejudice cannot be presumed in this case. In any event, the denial of the motion for discharge was not violative of Rule 3.191, Florida Rules of Criminal Procedure, because the 180 days had not run by the time the nolo contendere plea was entered.
We find no error in the denial of the motion to suppress evidence because we have determined probable cause existed for the searches and seizures. The state sufficiently, albeit barely, traversed the motion to dismiss filed under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, so we find no error in the denial of the motion to dismiss.
As was done in Brown and Heath v. State, 379 So.2d 194 (Fla. 5th DCA 1980), we remand this case to the trial court to permit the appellants to withdraw their pleas and plead anew, if they so desire.
The highly unusual, to say the least, sentencing procedures in this case are specifically disapproved. Briefly, this is what occurred. The trial judge offered each appellant five years probation if he would pay a fine of fifty thousand dollars ($50,000.00) and give up the right to appeal the past rulings of the court. Appellant Brandon, through his attorney, made a “counter-offer” of twenty thousand dollars ($20,000.00) *375 because “he [was] going to have to borrow heavily, and ... he could not come up with the Fifty Thousand.” The maximum lawful fine was ten thousand dollars ($10,000.00). After each appellant refused the court’s offer, the judge sentenced each to five years in prison. This bargaining by the court is demeaning and the attempt to extract fifty thousand dollars ($50,000.00) along with a waiver of appellate rights is worse than that. After a trial or other proceedings, if such occur, the trial judge will have the opportunity to reflect upon the matter and keep us from having to consider possible due process or equal protection allegations as regards the sentences.
The convictions are reversed in order to allow the appellants to withdraw their pleas.
REVERSED AND REMANDED.
COBB and SHARP, JJ., concur.