382 So.2d 1293 (1980)
Ralph Paul OESTERLE, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1878.
District Court of Appeal of Florida, Second District.
April 18, 1980.
Rehearing Denied May 5, 1980.
Michael H. Hatfield, Umatilla, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
This is an appeal from the denial of a motion to suppress a confession.
*1294 The facts are not in dispute. At the hearing on the motion to suppress, Deputy Jerry Fennell of the Highlands County Sheriff's Department testified that in the early hours of April 19, 1979, he received word that a plane loaded with marijuana had just landed in DeSoto County near the Highlands County line. He proceeded to the area, where he found the plane in a pasture about two miles southwest of the intersection of two dirt roads, Marguerita Road and Ten Mile Grade Road. The plane was visible from the intersection but could be reached only by going through a gate in a fence on the south side of Ten Mile Grade Road.
At about 5:00 a.m. Deputy Fennell, along with officers in three or four patrol cars and two or three unmarked vehicles, took up a position on Marguerita Road near the intersection. They saw no vehicles until approximately 6:30 a.m. when a pickup truck with a "topper" on the back approached them from the north on Marguerita Road. The truck went past them and turned west onto Ten Mile Grade Road. The officers saw that there was more than one man in the truck and that in the direction the truck was traveling, it would pass the access to the pasture where the plane was located.
Deputy Fennell and another officer got into Fennell's patrol car to follow the vehicle. As they did so, they noticed the truck had an out-of-county tag and that they could not see through the windows of the topper. Fennell then stopped the truck. On direct examination he testified that he could not remember whether he had done so before or after it had passed the entrance to the pasture. On cross-examination, however, he stated that the gate was about three-quarters of a mile from the intersection and that he had stopped the truck approximately one to one and a half miles beyond the intersection.
Shortly after Deputy Fennell stopped the truck, Deputy Kenny Carlton of the DeSoto County Sheriff's Department arrived on the scene and questioned its driver, appellant. During this questioning, appellant admitted that he was in the area to meet the airplane and unload its cargo.
The state charged appellant with trafficking in cannabis. He filed a motion to suppress his statements and admissions, but the court denied this motion. Appellant then entered a plea of nolo contendere, reserving the right to appeal the denial of his motion. The court accepted the plea and made a finding, to which both appellant and the state agreed, that appellant's confession was necessary for the state to obtain a conviction. Thereafter, the court adjudged appellant guilty and sentenced him to five years in prison.
As a preliminary matter, we must first consider whether, having pled nolo contendere, appellant may now appeal the denial of his motion to suppress his confession. In Brown v. State, 376 So.2d 382 (Fla. 1979), the supreme court held that a defendant may only reserve the right to appeal the denial of a motion to suppress where the suppression would be dispositive of the case. It further held that "as a matter of law a confession may not be considered dispositive of the case." 376 So.2d at 385. Despite this language, we do not believe that the supreme court meant that the parties could not, with the approval of the court, stipulate to a finding that the suppression of a confession would be dispositive of the case.[1] Our sister court has just reached the same conclusion in Jackson v. State, No. NN-168 (Fla. 1st DCA Mar. 28, 1980). Accordingly, we will proceed to the merits of this appeal and examine appellant's argument that the trial court should have suppressed his confession because it came about as the result of an illegal stop and detention.
In order for a law enforcement officer to stop and detain a vehicle, the officer must have a well-founded suspicion of the presence of criminal activity. E.g., McClure v. State, 358 So.2d 1187 (Fla. 2d DCA 1978). As we recently noted in State *1295 v. W.O.R., 382 So.2d 763 (Fla. 2d DCA 1980), a well-founded suspicion is "`a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer's knowledge.'" At 764. In the present case, the information available to Deputy Fennell did not give rise to a well-founded suspicion. Appellant's truck was proceeding lawfully along a public road and gave no indication of turning into the gate which provided the only access to the marijuana plane. Moreover, neither the fact that the truck had an out-of-county tag nor the fact that the topper's windows were blacked out was sufficient to indicate criminal activity. Hence, the stop and detention of appellant were illegal, and as a result, the confession which the officers obtained immediately thereafter was also tainted. See Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); In re R.L.J., 336 So.2d 132 (Fla. 1st DCA 1976).
We reverse appellant's conviction and the denial of his motion to suppress.
HOBSON and CAMPBELL, JJ., concur.
NOTES
[1] In Brown the court was concerned that any attempt to demonstrate that a confession was dispositive would result in a mini-trial of the case. Obviously, where there is a stipulation, such a result would not occur.