DANAHY, Judge.
Tomas Basten was indicted by the grand jury for first degree murder and robbery. Basten pleaded nolo contendere reserving the right to appeal the denial of his pretrial motion to suppress his confession. Pursuant to agreement, the trial court accepted his plea and adjudicated Basten guilty of both charges and sentenced him to concurrent terms of life imprisonment.
Basten recognizes that the Florida Supreme Court in Brown v. State, 376 So.2d 382 (Fla.1979) (filed after Basten entered his plea), held that a confession is not dis-positive as a matter of law and, therefore, that the denial of a motion to suppress a confession cannot be preserved for appeal based on a plea of nolo contendere.[1] Basten contends, however, that the court should allow him to seek to withdraw his nolo plea as the appellant in Brown was allowed to do. We agree.
Accordingly, we dismiss this appeal and direct the trial court to allow Basten thirty days from the date of our mandate to file a motion to withdraw his plea and set aside the judgments and sentences under the procedure outlined in Pittman v. State, 382 So.2d 1227 (Fla.2d DCA 1980), and Arnold v. State, 379 So.2d 1003 (Fla.2d DCA 1980).
SCHEB, Acting C. J., and OTT, J., concur.

. This court in Oesterle v. State, No. 79-1878, 382 So.2d 1293 (Fla.2d DCA April 18, 1980), held that Brown, supra, should not be interpreted to mean that the parties cannot, with the court’s approval, stipulate that the suppression of a confession is dispositive. The denial of a motion to suppress a confession will, in such an instance, be appealable after a plea of nolo contendere. The first district court of appeal reached the same conclusion in Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980).