BERANEK, Judge.
Defendant appealed, contesting the denial of his motion to suppress certain physical evidence obtained at the time of his arrest. After denial of his motion to suppress, the defendant entered a plea of nolo contendere reserving his right to appeal the court’s *905 ruling on suppression. We have reviewed the entire record and the briefs of the parties and seriously question whether the ruling on the motion to suppress is dispositive of the case. Since an appeal by a defendant in an Ashby nolo plea situation is allowable only if the issue raised is dispositive, we relinquish jurisdiction to the trial court for a period of forty days with directions to determine whether the ruling on the motion to suppress was dispositive. Brown v. State, 376 So.2d 382 (Fla.1979); State v. Ashby, 245 So.2d 225 (Fla.1971). The trial court is requested to enter an order on this issue. Thereafter, it shall be appellant’s responsibility to supplement the record by filing a certified copy of the court’s order and advising this court in writing of the necessity of our resuming jurisdiction for the purpose of deciding the appeal. See Gray v. State, 379 So.2d 435 (FLa. 2d DCA 1980).
JURISDICTION RELINQUISHED FOR STATED PURPOSE.
LETTS, C. J., and GLICKSTEIN, J., concur.