388 So.2d 1353 (1980)
Billie Edward SNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2356/T4-276.
District Court of Appeal of Florida, Fifth District.
October 15, 1980.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Phillip D. Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
The information charged appellant with carrying a firearm while committing a robbery.[1] Appellant pled nolo contendere to the lesser included offense of robbery with *1354 a weapon, and reserved his right to appeal the lower court's denial of his motion to suppress a confession. He was adjudicated guilty and sentenced to four years of imprisonment.
Under State v. Ashby, 245 So.2d 225 (Fla. 1971), a defendant may enter a plea of nolo contendere reserving the right to appeal a legal issue. An Ashby nolo plea is only permissible where the legal issue to be determined on appeal is dispositive of the case. Brown v. State, 376 So.2d 382 (Fla. 1979). The Brown court held that as a matter of law a confession may not be considered dispositive of the case for purposes of an Ashby nolo plea.[2] Because of the varying decisions in this area, the Brown court allowed the petitioner to withdraw his plea and plead anew.
In the instant case the appellant entered his Ashby nolo plea prior to the decision in Brown. Therefore this cause is remanded to allow appellant to withdraw his plea of nolo contendere and plead anew if he so desires. Heath v. State, 379 So.2d 194 (Fla.5th DCA 1980). If appellant withdraws his plea the state shall have the option of prosecuting appellant on the original charge. Bell v. State, 262 So.2d 244 (Fla.4th DCA 1972).
REMANDED for further proceedings.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1979); § 790.001(6), Fla. Stat. (1979).
[2] Subsequent to Brown, confessions have been held dispositive for the purposes of an Ashby nolo plea if the state so stipulates. Jackson v. State, 382 So.2d 749 (Fla.1st DCA 1980); Oesterle v. State, 382 So.2d 1293 (Fla.2d DCA 1980). In this case the state did not stipulate that appellant's confession was dispositive.