BERANEK, Judge.
Appellant pled nolo contendere and reserved his right to appeal the denial of his motion to suppress certain physical _ evidence. We relinquished jurisdiction to the trial court for a determination of whether the ruling on appellant’s motion to suppress the tangible evidence was dispositive of the case. Gainey v. State, 386 So.2d 904 (Fla. 4th DCA 1980). The trial court entered an order on October 14, 1980, finding that the motion to suppress did not present a dispos-itive issue. The defendant’s nolo conten-dere plea was entered prior to the date of Brown v. State, 376 So.2d 382 (Fla.1979). Accordingly, on the authority of Brown v. State, supra, this appeal is dismissed and the cause remanded to the trial court. Appellant shall have thirty days from the date of our mandate within which to seek withdrawal of his plea in accordance with Brown v. State, supra. The trial court shall grant appellant’s motion to withdraw the plea unless the State is able to establish prejudice as a result of the delay caused by this appeal. See Gray v. State, 381 So.2d 302 (Fla.2d DCA 1980), and Pittman v. State, 382 So.2d 1227 (Fla.2d DCA 1980).
LETTS, C. J., and GLICKSTEIN, J., concur.