404 So.2d 366 (1981)
James Michael SOMMERS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-2113.
District Court of Appeal of Florida, Second District.
June 26, 1981.
*367 L. Scott Rawnsley of law offices of George J. Schriefer, P.A., Pinellas Park, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Deborah A. Osmond, Asst. Atty. Gen., Tampa, for appellee.

ON MOTION TO DISMISS
GRIMES, Judge.
On this motion to dismiss, we must consider some troubling details left in the wake of Brown v. State, 376 So.2d 382 (Fla. 1979).
The state charged appellant with the sale and possession of marijuana. He then filed a motion to suppress the marijuana which law enforcement officers had seized in his home. After the court denied his motion, he tendered a plea of nolo contendere reserving the right to appeal its denial. At this point the state attorney stated that the ruling on the motion to suppress was not dispositive of the case. The court nevertheless accepted the plea and entered a judgment of guilt.
Appellant then filed an appeal contending that the court erred in denying the motion to suppress. The state responded by filing a motion to dismiss, again arguing that the issue raised in the appeal is not dispositive of the case. The significance of an issue being dispositive results from Brown v. State in which the supreme court held that a defendant could take an appeal from a judgment entered upon a conditional plea of nolo contendere only where the reserved issue was legally dispositive of the case. In the course of its opinion, the court said:
We must now ascertain what constitutes a dispositive legal issue. In most cases the determination will be a simple one. Motions testing the sufficiency of the charging document, the constitutionality of a controlling statute, or the suppression of contraband for which a defendant is charged with possession are illustrative. This case, however, presents us with one of the truly inscrutable areas  confessions. In order to determine accurately whether a confession is dispositive *368 of a case, the prosecution would have to present to the trial judge all of the evidence it intended to introduce at trial. The judge would then have to decide on the basis of hearsay and summarized information, whether there was sufficient evidence apart from the confession to support a conviction. Such a procedure would be unwieldy and time-consuming. Therefore, in order to avoid a mini-trial on the sufficiency of the evidence in each case involving a confession, we hold that as a matter of law a confession may not be considered dispositive of the case for purposes of an [State v.] Ashby [Fla., 245 So.2d 225] nolo plea.
Under this rule, the trial judge will have wide discretion to accept or reject an Ashby nolo plea based upon his perception of the dispositive nature vel non of the legal issue reserved for appeal. His decision will be overturned only upon a showing of a clear abuse of discretion.
376 So.2d at 385 (footnotes omitted).
Because the trial court had not made a specific finding that the issue was dispositive, we remanded for the purpose of permitting the court to pass on this question. Thereupon, the court entered an order which read in pertinent part as follows:
In the record received, the State felt it could have proceeded without the physical contraband present (page 62). The record is silent as to the State's actual evidence and witnesses available at trial. The record does indicate, however, that there was an accomplice, one Defendant Carrow. Carrow transacted with and was arrested by Officer Montgomery. Thereafter, Carrow agreed to cooperate with Sgt. Coats and the arrest of the instant Defendant Sommers was "set up" (pages 32-34). Carrow took the contraband to Sommers at Sommers' residence where the arrest of the Defendant Sommers and re-seizure of the contraband occurred.
The record is not clear whether any or all of the witnesses, Carrow, Coats or Montgomery were available to testify or could qualify to testify to the fact that the substance was marijuana. If they could testify, then could the Defendant be convicted without the contraband being introduced into evidence?
While there are cases of contraband being exhausted during testing and of contraband being mislaid, this Court is of the opinion that the general rule of law is that a sample of the contraband substance is necessary evidence to support a conviction and cannot be proved circumstantially.
There is no evidence before this Court that there are two separate caches of contraband as in Tiller v. State, 330 So.2d 792 (Fla. 1st DCA 1976).
The Court therefore finds in the instant matter the issue of the suppression of contraband is dispositive of the case.
Obviously the trial court was convinced that without the marijuana being introduced at trial, appellant could not have been convicted of either possession or sale. We are not so sure. See United States v. Jones, 480 F.2d 954 (5th Cir.), cert. denied, 414 U.S. 1071, 94 S.Ct. 582, 38 L.Ed.2d 476 (1973) (possession conviction affirmed where the government circumstantially proved the existence of marijuana without the benefit of any physical evidence); Ewing v. United States, 386 F.2d 10 (9th Cir.1967), cert. denied, 390 U.S. 991, 88 S.Ct. 1192, 19 L.Ed.2d 1299 (1968) (experienced marijuana smoker was permitted to testify as an expert that the substance the defendant had given her to smoke was marijuana). The point is that without the "mini-trial" deplored in Brown, together with a comprehensive analysis of the law, it is difficult to say for certain that appellant could not be convicted even if we were to reverse the order which denied the appellant's motion to suppress.
This point concerns us because, superficially, if we entertain an appeal from a judgment based on a nolo plea as dispositive and reverse, it would seem to follow that we ought to order the defendant's discharge from further prosecution. Yet, oftentimes the issue of dispositiveness for purposes of appeal is lightly considered. Even when it *369 is seriously considered, as here, it must be done in a vacuum without the actual presentation of evidence. We have determined to resolve the dilemma by making a distinction between whether an issue is dispositive for purposes of an appeal and whether it is dispositive so as to require that a defendant be discharged if we find in his favor.[1]
Accordingly, we perceive that in the ordinary case when a defendant seeks to plead nolo contendere with the reservation of the right to appeal an issue, his attorney will have some burden to show that the issue is actually dispositive, though a mere reference to the nature of the case, such as possession of contraband, may sometimes suffice for this purpose.[2] If the state attorney believes that the issue is not dispositive, he should then explain to the court the additional available evidence upon which the defendant might be convicted. At this point, the court should make a determination of whether the issue is dispositive and decide whether to accept the plea. In deciding whether to entertain the appeal, we will give substantial deference to the trial court's determination of the dispositive nature of the issue. However, the fact that this court chooses to decide the appeal will not control the determination of whether the defendant should be discharged in the event his appeal is successful. The latter determination will depend upon the nature of the case.
This procedure does not do violence to the concept of appellate jurisdiction. Since there is always a judgment of guilt in an appeal involving a conditional nolo contendere plea, there is no doubt of the appellate court's jurisdiction. The question is simply whether to waste valuable appellate time in deciding issues which may not be totally dispositive of a case. On the other hand, to require the trial court to make an exhaustive inquiry into dispositiveness could waste just as much judicial labor. Thus, the trial judge's finding of dispositiveness will in essence, constitute a prima facie determination sufficient for this court, absent unusual circumstances, to entertain an appeal. On the other hand, the trial court's determination of dispositiveness will not have the effect of totally precluding the state from proving guilt in the proper case even if it has lost the appeal.
Applying these principles to the case at hand, we accept the trial court's finding of dispositiveness for purposes of this appeal. However, this ruling will not bind us in ordering the appropriate disposition of the case should appellant prevail on the merits of his appeal.
We deny the motion to dismiss.
SCHEB, C.J., and RYDER, J., concur.
NOTES
[1] In Brown, the supreme court tacitly recognized that the determination of whether an issue is dispositive for purposes of appeal may not be applicable in other circumstances. 376 So.2d at 385 n. 5.
[2] According to Brown, orders denying the suppression of contraband in cases charging only possession will be presumptively dispositive for purposes of appeal, whereas orders refusing to suppress confessions will not be deemed dispositive. Yet, a stipulation that a confession is dispositive will make it so. Oesterle v. State, 382 So.2d 1293 (Fla.2d DCA 1980). Perhaps too there will be instances in which the refusal to suppress contraband in possession cases might be considered not dispositive.