GLICKSTEIN, Judge.
We are asked in this appeal to reverse the judgment of aggravated battery and sentence of ten years[1] entered by the trial court in Broward County and to remand with direction that appellant be permitted to withdraw his plea of nolo contendere. We reluctantly do so. Our reluctance is occasioned by the care and deliberation given this matter by the trial judge who had the onerous task of working his way through a jurisprudential mine field. He was faced with the dilemma of a twenty-four-year-old paranoid schizophrenic who had spent twelve years in mental institutions and who was being held at the South Florida State Hospital pursuant to a court order. This same twenty-four-year-old who had admitted to the crime of throwing an inflammable liquid onto an employee at the South Florida State Hospital and igniting it, had also later raised pro se the issue of conflict of interest between the public defender and himself. It is the conflict of interest issue which compels reversal.
The chronology of events establishes that on September 15,1981, appellant moved pro se to disqualify the public defender and to appoint private counsel as special public defender. On October 5, 1981, appellant and his public defender appeared before the trial judge, and although the pro se motion was denied, the trial judge gave the public defender leave to file a motion to withdraw after he had discussed the question of conflict with his superior. On October 7th, the trial court heard testimony from three psychiatrists as to appellant’s competency to go to trial. One testified that appellant was feigning mental illness; another, that he had a personality disorder; and the third, that he had a mental illness but was not psychotic. All apparently believed he was competent to stand trial and the trial court so found.
The critical date for the purposes of this decision was October 19th. On that date the trial court considered appellant’s change of plea. There were two hearings — morning and afternoon — and two factual settings. In the earlier hearing, it was brought out that appellant had nine pending charges in Dade County, six of which were life felonies. The public defender announced that appellant wished to plead nolo contendere to the aggravated battery charge, conditioned upon denial of an ore tenus motion which had been made to discharge appellant because of a speedy trial violation. When sworn, appellant testified that the only possible defense he would have to the charge would be insanity; and that with the present testimony such defense was not tenable. He also testified that his public defender should not be allowed to represent him because of their conflict of interest and because of the ineffective assistance of counsel which he had received; but he also said that the result in the ease would be the same with effective assistance of counsel. Finally, he testified that he would prefer to defer his decision on a change of plea until after the trial of the nine charges in Dade County scheduled for the following week.
*874 After the lunch break, the public defender informed the court that appellant desired to proceed with the change of plea but the entire discussion then turned to the critical issue of conflict of interest. Appellant said the conflict was his only problem and that he understood he could appeal the issue. The trial court then proceeded with the express understanding that appellant was preserving his right to appeal the denial of his pro se motion to compel the public defender to withdraw; and we are absolutely convinced that appellant went through with the change of plea in large measure because of that understanding.
Of course, a plea of nolo conten-dere which is made subject to the condition that the defendant be allowed to file an appeal is permissible only when the legal issue to be determined on appeal is disposi-tive of the case. Brown v. State, 376 So.2d 382 (Fla.1979). In this case the conflict issue was clearly not dispositive of the case. Appellant had the right to know that — particularly in view of the unanimity among the psychiatrists as to his competency to understand and participate in all of the judicial proceedings involving the pending charge — and it was prejudicial error for the trial court to lead him to think otherwise.
This error is compounded by the additional fact that on November 25, 1981, the public defender moved to withdraw as counsel for appellant upon substantially the same reasons that appellant had earlier sought withdrawal by his pro se motion. As the public defender’s motion was granted, the net effect was that the change of plea was sandwiched between the two motions to withdraw, at a time when the question of conflict was unresolved and suspended because of the trial court’s earlier grant of leave to the public defender to file such motion. It was incumbent upon the assistant public defender to resolve the conflict issue with his superiors and to make any motion to withdraw prior to involving himself in a change of plea. We acknowledge the obvious; namely, that there were reasons to conduct a hearing on a change of plea at that particular time. Unfortunately, the lack of resolution by the public defender as to whether that office was going to withdraw simply was overlooked.[2]
ANSTEAD and HURLEY, JJ., concur.

. In imposing the sentence the trial judge recommended that:
this case be brought to immediate attention of Mr. Schreimer, Mental Health Director of Department of Corrections. Defendant has a history of mental illness, paranoid schizophrenic [sic] and should be evaluated immediately for consideration to transfer to hospital facility under F.S. 945.12.

. , There is a chronological footnote that bears mentioning. After the appointment of a special public defender to represent appellant, the trial court heard testimony of two psychiatrists on January 28, 1982. One, who had testified in October, 1981, that appellant was mentally ill but not psychotic, now testified that appellant was presently “insane but competent” and that he had been the same when the earlier testimony was given. He diagnosed appellant as a paranoid schizophrenic who should be committed to a state hospital. Another psychiatrist, who did not testify previously in this case, opined that appellant was psychotic and should be exonerated from legal responsibility; and that he must be carefully watched so that he does not hurt himself or others — but that he was competent. In sum, the trial court had the uncontradicted testimony of four psychiatrists that appellant was competent to stand trial, while two of whom were also simultaneously of the opinion that appellant was medically, not legally, insane.