SHARP, Judge.
McKnight entered a plea of no contest to the charge of burglary of a structure and reserved his right to appeal the trial court’s denial of his motions to suppress evidence found in his pocket and in the trunk of his car. Fla.R.App.P. 9.140(b). We affirm.
The evidence found in McKnight’s pocket at the time of his arrest was admissible under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). There was additional evidence linking McKnight to the burglary in this case: the testimony of neighbors who saw the crime in progress and telephoned McKnight’s description and the license number of his car to the police; and the confession of a co-defendant which implicated McKnight. The neighbor’s call led to the issuance of a BOLO, which culminated in McKnight’s almost immediate arrest.
McKnight’s motion to suppress the evidence found in the trunk of his automobile should have been granted because the proper procedure for impoundment and an inventory search was not followed. South Dakota v. Oppermann, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); Miller v. State, 403 So.2d 1307 (Fla.1981). However there was no determination by the trial court that this ruling was dispositive. The defendant may appeal the denial of his motion to suppress when he enters a plea of nolo contendere only when the legal issue to *413 be determined on appeal is dispositive of the case. Brown v. State, 376 So.2d 382 (Fla.1979). Because of additional evidence in the case, the ruling could not have been dispositive. Accordingly, the judgment is
AFFIRMED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.