450 So.2d 301 (1984)
Craig Eugene FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1606.
District Court of Appeal of Florida, Fifth District.
May 17, 1984.
*302 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Craig Eugene Freeman pleaded nolo contendere to the offenses of burglary of a structure and resisting an officer without violence expressly reserving his right to appeal the denial of a motion to suppress his confession. There was no finding by the court that the suppression issue was dispositive of the case.
In Brown v. State, 376 So.2d 382 (Fla. 1979), the Florida Supreme Court held that a defendant could take an appeal from a judgment entered upon a conditional plea of nolo contendere only when the reserved issue was legally dispositive of the case. In the course of its opinion, the court stated:
We must now ascertain what constitutes a dispositive legal issue. In most cases the determination will be a simple one. Motions testing the sufficiency of the charging document, the constitutionality of a controlling statute, or the suppression of contraband for which a defendant is charged with possession are illustrative. This case, however, presents us with one of the truly inscrutable areas  confessions. In order to determine accurately whether a confession is dispositive of a case, the prosecution would have to present to the trial judge all of the evidence it intended to introduce at trial. The judge would then have to decide on the basis of hearsay and summarized information, whether there was sufficient evidence apart from the confession to support a conviction. Such a procedure would be unwieldy and time-consuming. Therefore, in order to avoid a mini-trial on the sufficiency of the evidence in each case involving a confession, we hold that as a matter of law a confession may not be considered dispositive of the case for purposes of an Ashby nolo plea. (footnote omitted; emphasis added)
376 So.2d at 385.
In the instant case, counsel announced that Freeman would withdraw his not guilty plea and enter a plea of no contest "specifically reserving the right to appeal the denial of a motion to suppress a confession, which we filed dated June 9, 1982." Following a recap of the grounds of the motion, the following colloquy occurred:
[DEFENSE COUNSEL]: We would, we feel that the state's version of the facts, which I presume will be given in a few minutes, do not substantiate, or would not substantiate a guilty plea or guilty verdict in either one of these charges, and the confession, we filed and sent the motion to suppress the confession, that being denied  in other words, if it had been granted, we feel as if the state would not have been able to bear the burden of proof they need to bear to get a conviction in these cases.
We do enter a plea of no contest, reserving the right to appeal that denial.

*303 THE COURT: Would that be acceptable to the state under all the circumstances?

[PROSECUTOR]: Yes, Your Honor.

THE COURT: Whether or not that would be dispositive of the case, like I said, that's up to the Fifth District Court of Appeals.
Of course not stipulating or agreeing it is fully dispositive of that case.
The state possibly could still go forward to a jury trial even without the admission or confessions of Craig Freeman.
Mr. Freeman, plead no contest here today, told your lawyer of course going to adjudicate you guilty, put a felony on your record and also a misdemeanor; Court's going to impose three years Department of Corrections on count one the burglary of a structure, and impose one year in the Orange County Jail, count two, resisting an officer without violence. These two sentences run concurrently, at the same time  however, they would run consecutive, in addition to any other sentence you might be serving, if you're serving any other sentence.
Do you fully understand that?
MR. FREEMAN: Yes, sir.
THE COURT: Is that what you want to do here today, give up your jury trial and plead no contest to the two charges?
MR. FREEMAN: Yes, sir.
THE COURT: Mr. Taylor, anything further you want to put on the record about that before we proceed?
[DEFENSE COUNSEL]: No, Your Honor.
THE COURT: Acceptable, the two pleas under all the circumstances?

[PROSECUTOR]: Yes, Your Honor.
THE COURT: Place Craig Freeman under oath and see if I accept his nolo contendere pleas.
* * * * * *
THE COURT: Your trial probably take about a day, day and a half.
Plead no contest, nolo contendere, you're not admitting the two charges, not disputing, not contesting them  however, you are reserving your right to take an appeal; do you understand all that?
MR. FREEMAN: Yes, sir. (emphasis added)
Whether a confession is dispositive is not a matter to be determined initially by an appellate court. It is a matter to be determined by the trial court before acceptance of a plea of nolo contendere with a reservation of the right to appeal. Since Brown, some district courts of appeal have held that a confession could be dispositive of the case if so stipulated by the state. See Jackson v. State, 382 So.2d 749 (Fla. 1st DCA 1980), aff'd., 392 So.2d 1324 (Fla. 1981); Oesterle v. State, 382 So.2d 1293 (Fla. 2d DCA 1980). In Sommers v. State, 404 So.2d 366 (Fla. 2d DCA) petition dismissed, 407 So.2d 1105 (Fla. 1981), the Second District held that in ordinary cases where a defendant seeks to plead nolo contendere with the reservation of the right to appeal an issue, his attorney will have some burden to show that the issue is actually dispositive, though a mere reference to the nature of the case, such as possession of contraband may sometimes suffice for this purpose. According to the Second District, if the state attorney does not stipulate that the issue is dispositive, he should then explain to the court the additional available evidence upon which the defendant might be convicted and at this point the court should determine whether the issue is dispositive and decide whether to accept the plea.
Although the trial court made no finding that the suppression of the confession was dispositive, we conclude that the statements made by the prosecutor amounted to a stipulation that the confession was dispositive. Counsel for Freeman clearly contended the confession was necessary to the state's case. The state twice said that the plea was acceptable to it under the circumstances. The factual statement offered by the state reflects that Freeman was not found at the scene of a burglary, but was apprehended nearby. His confession was the only thing that identified him as the culprit.
*304 Turning to the merits of the appeal, Freeman asserts that his confession was the "fruit" of an illegal stop. We disagree. At the suppression hearing, a deputy testified he responded to a radio call that a burglary had taken place in Winter Park. On arrival, he spoke with the owner and a witness who had observed two black males in dark clothing run past him in a northerly and northwesterly direction. The burglary site was in a predominately white area and the pattern of the fleeing blacks indicated they were headed into a black section of town. The incident occurred at approximate 10:00 p.m. on a Sunday night. The deputy radioed requesting a BOLO be broadcast. Another officer, hearing the broadcast, also received information the two fugitives were in their early twenties. The officer continued in the direction indicated and observed two young males. He observed that they were acting suspiciously for that particular time and place. When he approached the two men displaying his badge, they ran. Freeman was apprehended when he injured himself attempting to jump a parking lot wall. These two individuals were the only two meeting the description of the fugitives observed in the area.
We believe the stop was reasonably based on "articulable reasons" and "founded suspicion" and therefore justified. See United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Webb, 398 So.2d 820 (Fla. 1981); State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982). Accordingly, the denial of the motion to suppress was correct.
AFFIRMED.
ORFINGER, C.J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting.
Appellant entered a plea of nolo contendere expressly reserving the right to appeal the denial of a motion to suppress a confession. The State did not stipulate that the issue of legality of the confession was dispositive of the case. The trial court explicitly declined to rule whether or not the evidence in the case would be sufficient to support a conviction in the absence of the confession (i.e., that the suppression of the confession would dispose of the case) expressly leaving that matter up to this appellate court. Further, the trial judge understood that the prosecutor was "not stipulating or agreeing" portion of the trial judge's statement quoted without emphasis in the majority opinion:
THE COURT: Whether or not that would be dispositive of the case, like I said, that's up to the Fifth District Court of Appeals.

Of course not stipulating or agreeing it is fully dispositive of that case.

The state possibly could still go forward to a jury trial even without the admission or confessions of Craig Freeman. (emphasis supplied)
Experience with the fact that court reporters edit and provide punctuation when transcribing their stenographic notes of oral statements strongly suggests that rather than being a separate fragmentary sentence, the middle statement was an introductory phrase to a second sentence that should have been transcribed, punctuated, and written as follows:
THE COURT: Whether or not that would be dispositive of the case, like I said, that's up to the Fifth District Court of Appeals.

Of course, not stipulating or agreeing it is fully dispositive of [the] case, the state possibly could still go forward to a jury trial even without the admission or confessions of Craig Freeman. (emphasis supplied)
In Brown v. State, 376 So.2d 382, at 385 (Fla. 1979), the Florida Supreme Court held that "as a matter of law a confession may not be considered dispositive of the case for purposes of an [State v.] Ashby [245 So.2d 225 (Fla. 1971)] nolo plea." In order to plead nolo contendere and appeal an order declining to suppress a confession, the burden *305 is on defense counsel to secure a ruling from the trial court based on a concession from, or stipulation with, the state or on an independent finding that, as a matter of law, the admissibility of the confession is dispositive of the particular case. As this was not done in this case, I would dismiss the appeal.