PER CURIAM.
Appellant pled nolo contendere to three charges arising out of the death of the passenger in the automobile appellant was driving. The tragedy happened in a vehicular collision occurring because of appellant’s intoxication. The proceedings immediately preceding the entry of appellant’s plea dwelt on the question of the appealability, following a plea of nolo con-tendere, of the trial court’s decision denying appellant’s motion to suppress the results of his blood test. Specifically, the question in everyone’s mind was whether the denial was dispositive of the case. The following colloquy occurred:
Defense Counsel: Your Honor, after further conferring with the defendant about this case, the defendant has a lot of remorse about this tragedy and he wants to plead no contest pursuant to our latest discussion with the court here in court by reserving the right to appeal the Motion to Suppress Physical Evidence which was denied today and to be sentenced after a PSI.
Prosecutor: The State would ask that the defendant plead guilty on an open plea.
Defense Counsel: Your Honor, I don’t believe — I’m not sure — I don’t believe we can appeal the Motion to Suppress Physical Evidence if we plead guilty. I’m pretty sure we can’t.
THE COURT: You have to enter a no contest. He can enter a no contest. Prosecutor: It’s open to the Court.
THE COURT: I think you have to agree that the evidence may be dispositive of the case. [Emphasis added.]
Defense Counsel: We have agree to that. I haven’t engaged in this procedure before. [Emphasis added.]
THE COURT: Well, the evidence that you asked to be suppressed were the results of the blood test; correct?
Defense Counsel: Yes. Yes.
THE COURT: The question is whether or not that might be dispositive of the case.
Prosecutor: Is it, Your Honor?
Defense Counsel: Is it dispositive of the case, Your Honor? It’s the physical evidence.
THE COURT: Raise your right hand. I’ll swear you in.
(Whereupon, the defendant was sworn by the court.)
Defense Counsel: Your Honor, we’re pleading no contest to Counts I, II, and III of the information, reserving specifically our right to appeal the Motion to Suppress Physical Evidence, which is dis-positive of the case in all three counts.
One can objectively say that the assistant state attorney wavered between muteness and uncertainty. On appeal the attorney general confidently now takes the position that denial of the motion to suppress was not dispositive. Without commenting on the timeliness of this present assertion, we opt not to interfere with the trial judge’s actions on this specific point in'reliance upon Brown v. State, 376 So.2d 382 (Fla. 1979):
Under this rule, the trial judge will have wide discretion to accept or reject an Ashby nolo plea based upon his perception of the dispositive nature vel non of the legal issue reserved for appeal. His decision will be overturned only upon a showing of a clear abuse of discretion.
Id. at 385 (footnote omitted).
Turning to the merits, we conclude that the trial judge properly denied appellant’s motion to suppress. Accordingly, we affirm.
*1050 The facts establish that at the hospital appellant was informed that he was under arrest for DWI and of his Miranda rights; and that he consented to a blood test. The emergency room physician refused to remove blood from appellant, requested the officer contact the sheriffs mobile testing unit, and then proceeded to remove blood for medical reasons only. The officer acquiesced in the doctor’s “Simon says”; but when the mobile unit arrived at the hospital, appellant refused a second blood test. Thereafter the State obtained the results of the first test by subpoena.
Appellant consented to the blood test after being informed of his arrest and his Miranda rights. We see similarity in these facts and those in State v. Coffey, 212 So.2d 632 (Fla.1968). More importantly, we fail to see a logical reason not to admit the results of the test or a basis in the cases upon which appellant relies for concluding otherwise.
GLICKSTEIN and HURLEY, JJ., and SMITH, CHARLES E., Associate Judge, concur.