MILLS, Judge,
dissenting.
I dissent. I would reverse the summary denial of appellant’s motion and remand for attachment of portions of the record conclusively showing appellant is entitled to no relief, or for further proceedings.
Appellant writes in his motion that the trial court “failed to appraise [sic] defendant of his right to preserve issues for appeal in the context of a nolo contendere plea as contemplated by Fla.R.Crim.P. 3.172(c)(iv).” In a memorandum of law attached to the motion, appellant makes it clear that the issues referred to are the trial court’s denial of various pretrial suppression motions. The majority finds the allegation facially insufficient. I do not.
Florida Rule of Criminal Procedure 3.172(c)(iv) does not merely provide that the trial court should tell a defendant that by pleading guilty or nolo contendere he waives his right to appeal. It provides that the trial court should determine that the defendant understands that “if he pleads guilty, or nolo contendere without express reservation of right to appeal, he gives up his right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but he does not impair his right to review by appropriate collateral attack.” (emphasis supplied). In my view, the plain language of the rule requires that the trial court, before accepting a nolo contendere plea, determine that the defendant understands that he may reserve the right to appeal dispositive rulings in those cases where such rulings occurred. See Brown v. State, 376 So.2d 382 (Fla.1979). Reservation of the right to appeal such rulings is an important exception to the general rule that a plea of nolo contendere operates as a waiver of the right to appeal all matters relating to the judgment. The concepts are inextricably intertwined. Only if the defendant understands this dimension of a nolo contendere plea, can it be said that he *399 has a full understanding of the significance of the plea.