RYDER, Judge.
The appellant (Head) entered a plea of nolo contendere to nine crimes reserving for appeal the trial judge’s denial of Head's motion to suppress his confession. In the process of accepting the plea, the court below declared that the motion to suppress was dispositive and, thereafter, sentenced Head to varying terms and conditions of imprisonment.
On appeal, however, Head does not attack the court’s denial of the motion to suppress. Instead, Head urges this court to allow him to withdraw his plea because the judge erred in declaring the motion to suppress dispositive. Head is dissatisfied with the sentence he received and attacks that as well.
The record complicates this appeal by disclosing the fact that the assistant state attorney opposed the holding of the court below that the motion to suppress was dispositive at the time the plea was entered. However, the state now argues that despite the position of the state attorney below, we should affirm the ruling of the trial court.
A conditional “nolo plea is permissible only when the legal issue to be determined on appeal is dispositive of the case.” Brown v. State, 376 So.2d 382, 384 (Fla.1979). “[A]s a matter of law a confession may not be considered dispositive of the case for purposes of an [State v.] Ashby [245 So.2d 225 (Fla.1971) ] nolo plea.” Brown at 385.
So, based on Brown, and the opposition mounted by the state attorney, Head urges us to hold the trial court erred in finding the motion to suppress as disposi-tive.
No motion to withdraw Head’s plea has been made before appeal.
After Brown was decided in 1979, our supreme court revisited the issue of conditional nolo pleas when it took for review the case of Carr v. State, 421 So.2d 1098 (Fla. 4th DCA 1982), and the court wrote, “[w]e agree and reiterate our holding in Brown: an issue is preserved for appeal on a nolo plea only if it is dispositive of the case.” State v. Carr, 438 So.2d 826, 828 (Fla.1983). However, the court went further to explain Brown, adding “[w]e granted leave to the petitioner in Brown to withdraw his plea because of possible prejudice in retroactively applying the Brown holding. However, Brown was issued in 1979, well before events here, and Carr was on notice of the Brown holding. Relief is not appropriate.” Carr at 828.
*883 Both Brown and Carr were issued “well before events here,” and Head was on notice, did not object to the ruling of the trial court and did not move to withdraw his plea. Again, relief is not appropriate, and thus we affirm on this issue.
Both Head and the state express confusion regarding the sentencing. The shorthand manner in which the trial judge stacked appellant’s sentences is admittedly difficult to decipher. Without detailing the multiple sentences and probation orders, we conclude that it was sufficiently clear that the trial judge intended to impose two consecutive three-year minimum mandato-ries. However, a clarification is in order concerning the additional three-year prison sentences for the two counts in circuit court ease no. 90-11808. If imposed consecutively to the seventeen-year prison sentence in circuit court case no. 90-11622 (as the judge intended with respect to the accompanying three-year minimum mandatory), the sentence would then exceed the maximum permitted guidelines range of seventeen years. For the foregoing reasons, we reverse the sentence and remand the case for a clarification of the sentences.
Reversed and remanded with directions.
LEHAN, C.J., and PATTERSON, J., concur.