605 So.2d 996 (1992)
Ernest Franklin NOBLES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 91-02212.
District Court of Appeal of Florida, Second District.
October 9, 1992.
James Marion Moorman, Public Defender, Bartow, and James C. Banks, Sp. Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Acting Chief Judge.
Ernest Nobles, Jr., appeals his judgments and sentences for six counts of a lewd act on a child, which were charged in two informations. One information listed one child as a victim in four charges and the second information listed another child as a victim in two charges, trial court case numbers CF90-1157 and CF90-1158, respectively. We affirm the convictions but remand the sentences for clarification by the trial court.
During the sentencing hearing, the trial court stated:
Mr. Nobles, in case number CF90-1157, Count One, you're adjudged guilty and you're sentenced to nine years Florida State Prison.
On all of the others you are adjudged guilty and you're sentenced to ten years probation, concurrent. Total of ten years probation.
In the first case, the written judgment and sentence reflects that the trial court sentenced Nobles to nine years' incarceration as to count one and to ten years' probation on counts two, three, and four to run "concurrent but consecutive to ct I." The written judgment and sentence in the second case, case number CF90-1158, reflects that the trial court placed Nobles on ten years' probation on counts one and two concurrent with each other and concurrent with case number CF90-1157.
We conclude that the oral pronouncement by the trial court of these sentences was ambiguous. If we were to conclude that the written judgment and sentence in case number CF90-1157 conforms to the trial court's oral pronouncement, we are unclear as to how to interpret the written sentence in case number CF90-1158 which simply states that the two probationary terms run concurrently with the sentences in case number CF90-1157. Probably the trial court planned that the probationary terms in case number CF90-1158 would run concurrently with the probationary terms in case number CF90-1157 and consecutive to the prison term in case number CF90-1157. However, neither the written sentences nor the oral pronouncement of the sentences make that clear. It could be argued that the trial court intended that the probationary sentences in case number CF90-1158 would be served concurrently *997 with both the terms of probation and term of prison in case number CF90-1157. That would create reversible error to impose simultaneous terms of imprisonment and probation. See Barr v. State, 474 So.2d 417 (Fla. 2d DCA 1985); Brudie v. State, 467 So.2d 1113 (Fla. 2d DCA 1985).
Since we have concluded that the oral pronouncement of the sentences was ambiguous, we remand this case to the trial court for clarification of these sentences. See Head v. State, 604 So.2d 881 (Fla. 2d DCA 1992).
PATTERSON and ALTENBERND, JJ., concur.