958 So.2d 473 (2007)
Johnny William MURRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1488.
District Court of Appeal of Florida, Second District.
May 11, 2007.
*474 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Johnny William Murray appeals his judgments and sentences for delivery of cocaine and possession of cocaine. We affirm the judgments without further comment. However, because the written sentencing documents do not accurately reflect the oral pronouncement and it is unclear what sentences the circuit court judge intended to impose for each count, we reverse the sentences and remand for resentencing.
In its oral pronouncement, the trial court announced two different sentences for possession of cocaine and failed to announce any sentence for delivery of cocaine. Thus, the oral pronouncement of the sentences is both confusing and ambiguous. The written sentencing documents reflect a sentence of three years' imprisonment as a habitual felony offender for delivery of cocaine, a second-degree felony,[1] and fifteen years' probation for possession of cocaine, a third-degree felony.[2] The latter sentence, however, is an illegal sentence. See Fonteyne v. State, 855 So.2d 99 (Fla. 2d DCA 2003) (holding that probationary sentence in excess of statutory maximum is an illegal sentence). We are unable to conclusively determine the trial court's intent. We therefore reverse the sentences and remand for clarification of the sentences and the entry of written sentencing documents in accordance with that clarification. See Nobles v. State, 605 So.2d 996 (Fla. 2d DCA 1992).
Affirmed in part, reversed in part, and remanded with directions.
FULMER, C.J., and ALTENBERND and KELLY, JJ., Concur.
NOTES
[1] See § 893.13(1)(a)(1), Fla. Stat. (2005).
[2] See § 893.13(6)(a), Fla. Stat. (2005).