403 So.2d 1047 (1981)
Zachary CARPENTER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-356.
District Court of Appeal of Florida, Fourth District.
September 2, 1981.
Rehearing Denied October 14, 1981.
*1048 Sheldon M. Schapiro of Law Offices of Sheldon M. Schapiro, Hollywood, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant entered a plea of nolo contendere to the charge of possession of cocaine reserving his right to appeal the trial court's denial of his motion to suppress evidence. He appeals from an order withholding adjudication and placing him on a period of probation. We affirm the denial of his motion to suppress.
Detective Callahan observed the appellant sitting in the Fort Lauderdale-Hollywood International Airport Terminal for approximately one and one-half hours. Callahan testified that the appellant appeared to be nervous. The appellant left the terminal and quickly entered a vehicle which had just arrived to pick him up. He returned to the terminal twenty minutes later, exited the same vehicle, and proceeded to the ticket counter to exchange his airline ticket for an earlier flight. Callahan informed deputy Burk of her observations. Burk, who also observed the appellant displaying a nervous demeanor, stood immediately behind the appellant at the ticket counter. Burk observed that the defendant's ticket was made out to "Z. Carpenter", but that appellant put the name "Z. Baum" on the luggage ticket which was attached to the small piece of luggage which he checked through to his destination, Atlanta, Georgia.
After the appellant checked his luggage, Deputies Brennan and Burk approached him at the terminal escalator and asked him for some identification. The appellant produced identification which indicated his name was Zachary Carpenter, thus reaffirming Burk's suspicion that the appellant had used an alias on his luggage. In response to a request, the appellant said he had no objection to a search of his luggage. About this time, Callahan also approached the appellant. Burk pulled the luggage from the conveyor belt and carried it to where the appellant, Brennan and Callahan were standing. The appellant unequivocally denied that the bag belonged to him. The appellant thereupon acquiesced to the officers' request that he accompany them to their airport office which was housed in a *1049 different, nearby building of the airport. The appellant was never advised that he had a right to refuse to cooperate.
Even though the officers were absolutely certain that the luggage was the same one which the appellant had checked through at the ticket counter, the appellant continued to disclaim ownership. Although appellant contradicted the officers, each of them testified that a single "doggie lineup" was conducted with the use of a trained narcotics detector dog. The dog "alerted" to the appellant's luggage. Thereupon Detective Callahan completed a sworn affidavit in support of a search warrant and proceeded to obtain a search warrant from a circuit judge. The warrant was executed at the airport and six ounces of cocaine were discovered in the bag.
Although the display of the so called "drug courier profile characteristics" do not necessarily create a founded suspicion of wrongdoing, we do agree with the concurring opinion of Judge Hubbard in Royer v. State, 389 So.2d 1007 (Fla. 3rd DCA 1980) that the display of such characteristics could constitute the sort of founded suspicions necessary to justify the temporary detention of an air passenger in some instances. We hold that such is the case here. The defendant was observed in the airport terminal engaged in what must be considered highly unusual conduct. His lengthy presence at the terminal, his obvious nervous demeanor, his sudden departure and return to the airport, and his change of flight times were extremely suspicious circumstances. These, coupled with the use of an alias at the time of checking his luggage, created a founded or reasonable suspicion that the appellant was engaged in criminal activity. The use of an alias is a highly suspect act that tends to distinguish persons engaged in covert criminal activity from other segments of society. Although the use of an alias can be explained in some cases (e.g. a public figure's attempt to gain anonymity), in others it creates an aura of justifiable suspicion. Hence, the temporary detention of the defendant was valid under the mandates of both Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and Florida's "Stop and Frisk" law, Section 901.151, Florida Statutes (1979).
The appellant also contests the validity of the warrant-issuance procedure. We find his arguments in this regard to be utterly without merit.
Finally, the appellant asserts that any statements made by him to the police officers at the airport should have been suppressed because the police failed to advise him of his Miranda rights at the time of his detention. We decline to review this claim upon the entry of a nolo contendere plea because it is not dispositive of the case. Brown v. State, 376 So.2d 382 (Fla. 1979).
The temporary detention of the appellant was valid and the search of his luggage was executed pursuant to a valid search warrant. Accordingly, the trial court was correct in denying the motion to suppress and the trial court's order withholding adjudication of guilt and placing the appellant on probation is affirmed.
ANSTEAD, MOORE and BERANEK, JJ., concur.