BOARDMAN, Judge.
Richard Dornhofer appeals his judgment and sentence for trafficking in cocaine on the ground that the trial court erred in denying his motion to suppress. We affirm.
Át about 4:20 p.m. on March 25, 1980, Detective Grady Tipton of the Hillsborough County Sheriff’s Office, who was investigating narcotics traffic leaving the Tampa International Airport, and Detective Wayne Durrance of the Tampa Police Department *1043 observed appellant and Arthur Brown at the Delta ticket counter. The detectives’ attention was first drawn to the men because of their nervous behavior. Appellant was shifting his weight from foot to foot and looking around as if looking for someone. The detectives observed the men pay cash for one-way tickets to New York.
As appellant and his companion left the ticket area, Tipton and Durrance approached the two men and identified themselves as policemen. Tipton asked the men if they would mind speaking with him and Durrance for a moment. Both men said they had no objections. Tipton then asked appellant if he was flying out that day. Appellant said he was traveling to New York and, without being asked, handed his airline ticket to Tipton. Tipton then asked appellant if he was the person whose name appeared on the ticket. Appellant said that he was but that he did not have any identification. (This was in fact untrue — the ticket had been issued to a fictitious person.)
Tipton then advised the two men that he and Durrance were narcotics officers, at which point appellant became increasingly nervous and began to stutter. Tipton asked appellant if he was transporting any narcotics, and appellant answered in the negative. Tipton then asked appellant if he could look in his carry-on luggage. Appellant said he wanted to cooperate with the police and had no objection. After searching the luggage, Tipton asked appellant if he objected to a pat-down of his person for narcotics, specifically telling him that he did not have to submit to a pat-down. Appellant indicated that he understood. He claimed that he was not transporting any narcotics and would continue to cooperate. Tipton offered to take appellant out of public view, but appellant declined. During the pat-down, Tipton discovered a large bulge in appellant’s left boot. When questioned about it, appellant explained that an individual in a Clearwater bar had given him some type of white powder, but he did not know what it was. Appellant was then asked if he would mind taking the substance out of his boot. Appellant agreed and did so. Tipton immediately identified the substance as cocaine and placed appellant under arrest.
Appellant argues that the officers did not possess the founded suspicion necessary to justify a Terry[1] stop and that, since his stop was illegal, his consent was involuntary.
We agree with the fourth district that the display of so-called “drug carrier profile characteristics” may in a proper case constitute the sort of founded suspicion necessary to justify the temporary detention of an air passenger. Carpenter v. State, 403 So.2d 1047 (Fla. 4th DCA 1981); Contra, Royer v. State, 389 So.2d 1007 (Fla. 3d DCA 1980), petition for review denied, 397 So.2d 779 (Fla.1981), appeal pending, 454 U.S. 1079, 70 L.Ed.2d 612, 102 S.Ct. 631 (1981). We hold that the officers here had such a founded suspicion.
Moreover, the evidence on the issue of consent was sufficient to sustain the trial court’s finding that appellant freely and voluntarily consented to the search. The facts in Royer, upon which appellant relies, are distinguishable. There, the defendant was taken off to a small room to be searched, while here the entire confrontation occurred in the open area of the terminal. The detective in Royer requested the defendant to produce his airplane ticket and his driver’s license, while appellant here showed the detectives his airplane ticket without being asked to do so. Moreover, here, unlike in Royer, the detectives specifically informed appellant that he did not have to submit to the search. We conclude that there was no coercive action by the officers here.
Accordingly, appellant’s judgment and sentence is AFFIRMED.
OTT, C.J., and GRIMES, J., concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).