427 So.2d 812 (1983)
Clifford CHAPIN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-308.
District Court of Appeal of Florida, Fifth District.
March 9, 1983.
James B. Gibson, Public Defender; Michael S. Becker, Asst. Public Defender and Brian R. Hanson, Certified Legal Intern, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Appellant was charged with seven different violations of a previously entered probation order, and to these charges he entered a plea of nolo contendere. In entering this plea, his counsel reserved "... any and all rights of appeal that [appellant] may have in this particular case." No specific order of court was reserved for appeal or otherwise identified. The court accepted the plea, adjudicated appellant guilty, entered an order revoking probation, and entered judgment and sentence on the original charge.
On this appeal, appellant now attempts to argue that the trial court erred in revoking appellant's probation. We must dismiss the appeal.
The plea of nolo contendere waives all defects in a criminal proceeding except jurisdictional ones, and in order to reserve the right to appeal a question of law, appellant must expressly reserve the same by conditioning his plea on the reservation of the specific, narrowly drawn question of law, McNamara v. State, 357 So.2d 410 (Fla. 1978); Gastineau v. State, 398 So.2d 492 (Fla. 5th DCA 1981); and the reserved issue must be dispositive of the case. Brown v. State, 376 So.2d 382 (Fla. 1979). The rule is the same whether the plea is entered to the original charge or, as here, to a charge of probation violation.
A general or shotgun type of "reservation" preserves nothing for appeal. Consequently, we have no jurisdiction to entertain this appeal.
Appeal DISMISSED.
COBB and COWART, JJ., concur.