ORFINGER, Judge.
The defendant pled nolo contendere to a charge of possession of cocaine, specifically reserving his right to appeal the trial court’s denial of his motion to suppress evidence. The trial court agreed with the State’s position that the defendant had no standing to raise the motion and denied it on that basis. We reverse.
Defendant was sleeping in a motel room registered in the name of one Don Brown, at Brown’s express invitation. Brown left the motel and was later arrested by undercover agents for an alleged drug violation. The arresting officers then went to Brown’s motel room, aroused the defendant and made him leave the room without his clothes. Without first obtaining a warrant, the officers entered the motel room and began to search it. They searched the defendant’s personal belongings and found cocaine in his shaving kit, as a result of which defendant was charged with possession of cocaine. In ruling on defendant’s motion to suppress, the trial court held that defendant had no standing to contest the search because the room was not reg *422 istered in his name, and denied the motion on that ground alone.
In Dean v. State, 478 So.2d 38 (Fla.1985) a case not available to the trial court at the time the ruling was made here, the Florida supreme court receded from earlier cases in which it had held that the issue of standing was to be decided separate and apart from the substantive issues, saying:
In Rakas v. Illinois, 439 U.S. 128 [99 S.Ct. 421, 58 L.Ed.2d 387] (1978), the United States Supreme Court discarded reliance on concepts of “standing” in determining whether a defendant is entitled to claim the protections of the exclusionary rule. The inquiry, after Rakas, is simply whether the defendant’s rights were violated by the allegedly illegal search or seizure. United States v. Salvucchi, [sic] 448 U.S. 83, 87 n. 4 [100 S.Ct. 2547, 2551 n. 4, 65 L.Ed.2d 619] (1980).
We did not adopt the single-treatment analysis expoused [sic] by the United States Supreme Court in Rakas in [State v. Tsavaris, 394 So.2d 418 (Fla. 1981)]. As noted above, we regarded standing separately. However, in today's decision, we do adopt the Rakas analysis. We hold that the determination of whether the proponent of a motion to suppress is entitled to contest the legality of a search and seizure must take into consideration the substantive fourth amendment issues as well as the concept of standing. In so holding, we recede from that portion of Tsavaris treating standing as a separate inquiry to be determined before the substantive fourth amendment issues.
478 So.2d at 40-41.
Because the trial court did not consider the substantive fourth amendment issues, we reverse the judgment of conviction and remand the cause to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB, C.J., and UPCHURCH, J., concur.