650 So.2d 189 (1995)
Lloyd TINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03472.
District Court of Appeal of Florida, Second District.
February 10, 1995.
James W. O'Neill, Gulfport, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The defendant, Lloyd Tinson, appeals his conviction for possession of cocaine imposed after he pleaded no contest and reserved his right to appeal the denial of a motion to suppress. We reverse because the evidence seized was the result of an unlawful stop.
At the suppression hearing, Officers Barber and Skinner testified that, on April 5, 1993, they were engaged in the surveillance of a particular residence based on tips that drug dealing was taking place. During a period of approximately one hour, the officers observed eight cars drive up to the house and park. In each case, the occupants knocked on the door, went inside the residence and left within five minutes. Officer Skinner testified that they could not hear any conversations and they were not able to see if any of the persons were holding anything when they left the house. Officer Barber *190 testified that he heard one person yell toward the house, "Are ya'll dealing tonight." He also stated that they saw one person engage in what appeared to be a hand to hand transaction in the doorway of the residence. Neither officer saw any other person, including the defendant, engage in such a transaction. After observing several vehicles come and go, Officer Barber began to write down the time, the tag number and description of each vehicle, and a brief description of the persons leaving the house. He then radioed this information to another officer who was instructed to stop several of the vehicles, one of which was the defendant's. Cocaine was found in the two cars which were stopped before the defendant's car was stopped. A vial of cocaine was found in the defendant's car when it was searched. The defendant did not consent to the search.
The state asserts on appeal that the stop was justified because the pattern of cars coming and going at the residence suspected to be the site of drug dealing established reasonable suspicion that the defendant was engaged in criminal activity. We disagree. In this case the officers did not observe any activity by the defendant that could be considered a drug transaction, such as the exchange of money or a package. The sole basis for the traffic stop was that the defendant's car had stopped at this residence where the officers suspected drugs were being sold. In order to justify an investigatory stop, a police officer must have a founded suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat. (1993). Further, founded suspicion to stop a vehicle does not carry with it authority to search the vehicle or its occupants. A search may only be conducted pursuant to (1) a search warrant; (2) a valid arrest based on probable cause; or (3) exigent circumstances. Walker v. State, 636 So.2d 583 (Fla. 2d DCA 1994).
While the informants' tips, coupled with the pattern of vehicular activity and other observations, may support the issuance of a warrant authorizing search of the residence, these circumstances do not constitute founded suspicion to stop every vehicle whose occupants enter the residence for a brief period. See Lemon v. State, 580 So.2d 292 (Fla. 2d DCA 1991) (driving slowly down street, stopping in front of apartment known for drug activity, and entering apartment for a brief period were not grounds for a stop); Bolinger v. State, 576 So.2d 875 (Fla. 2d DCA 1991) (no founded suspicion where defendant stopped her truck in an area known for drug activity after being flagged down by man, man talked to defendant, man crossed street and talked to another man, both men returned to truck, first man reached into truck and pulled hand back out, and officer did not see anything exchanged); Ottney v. State, 571 So.2d 20 (Fla. 2d DCA 1990) (deputy's observation of vehicles driving up every ten or fifteen seconds to front of duplex and shutting off car lights, persons standing in front of duplex approaching the parked vehicles, followed by vehicle driving off, did not support founded suspicion of criminal activity where deputy was unable to observe anything being exchanged other than conversation).
Because the officers lacked a founded suspicion to stop the defendant's vehicle, the subsequent search is invalid and the evidence obtained must be suppressed. Accordingly, we reverse the denial of the motion to suppress and remand for further proceedings consistent with this opinion.
DANAHY, A.C.J., and SCHOONOVER and FULMER, JJ., concur.