PER CURIAM.
In this Anders[1] appeal, Ricky Lynn Rust seeks reversal of the denial of a motion to suppress. We have reviewed the hearing on the motion and agree that the trial court properly denied the motion to suppress. We write this opinion in order to remind trial judges of their responsibility to announce whether reserved issues are dispositive for purposes of appeal. See Everett v. State, 535 So.2d 667 (Fla. 2d DCA 1988).
Here, Rust entered a plea of no contest and sought to preserve for appeal the denial of his motion to suppress. Misled by Rust’s court-appointed counsel and the assistant state attorney, the trial judge erroneously declined to determine if the motion to suppress was dispositive, deferring the matter to the appellate court.
Without a ruling from the trial court that the motion was dispositive, this appeal could be dismissed or remanded to the trial court for a ruling. However, because this case has been presented pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we have reviewed the entire record and for the purposes of judicial economy, conclude the motion to suppress was dispositive, and properly denied. Accordingly, we affirm.
BLUE, A.C.J., and FULMER and DAVIS, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).