PER CURIAM.
The state appeals an order suppressing cocaine and a handgun from the an automobile driven by the defendant, Joseph Bostick. We reverse. The 'defendant lacked standing to challenge the seizure of these items of evidence from the car, because the car was stolen. See Rafeas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); State v. Singleton, 595 So.2d 44 (Fla.1992). The defendant contends that ownership of the car was established only by the officer’s radio check of the vehicle identification number, and that the state failed to present any nonhearsay evidence that the car had been stolen. This argument incorrectly reverses the burden of proof. A defendant who moves to suppress evidence on the ground that it was seized in violation of the Fourth Amendment has the burden of establishing that he or she has standing to object to the seizure. See Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); see generally, Rafeas; Singleton.
Reversed.
ERVIN, LAWRENCE and PADOVANO, JJ., CONCUR.