766 So.2d 397 (2000)
Isaac RAMSEY, III, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3504.
District Court of Appeal of Florida, Second District.
August 11, 2000.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
In this appeal of his conviction of possession of cocaine, Isaac Ramsey challenges the order denying his motion to suppress the cocaine found in his automobile. The order found that there was probable cause to arrest Ramsey, and therefore, the stop and search of his vehicle were proper. We reverse.[1]
At the hearing on Ramsey's motion to suppress, Sergeant Charles Schwemley of the street narcotics unit of the St. Petersburg Police Department testified that he established surveillance of the house at 1926 12th Avenue South. The closest he could get without being detected allowed him to observe only the front of the house. Sergeant Schwemley proceeded to explain his observations of fifteen incidents over three separate days during which nearly *398 identical activity occurred. Specifically, a person would approach the house, speak briefly with a male who was either in the front yard or at the front door, the two would go around to the east side of the house out of Sergeant Schwemley's view for fifteen to thirty seconds, and the visitor would then return into Sergeant Schwemley's view and depart. During only one of these incidents, which occurred on the first day of surveillance, did Sergeant Schwemley actually observe a visitor hand the man at the house cash and the man hand the visitor pieces of what Sergeant Schwemley believed were crack cocaine out of a plastic baggie. Ramsey was the next to the last visitor Sergeant Schwemley observed on the third day of surveillance. Sergeant Schwemley testified that Ramsey had nothing in his hands as he exited his car and went to the east side of the house for fifteen to twenty seconds, but he had one hand clenched when he returned to his car and appeared to be putting items into his pants pocket. Sergeant Schwemley never saw Ramsey talking to or otherwise making contact with anyone at the house. Ramsey was stopped after he left the house, crack cocaine was found in his automobile, and he was arrested.
Law enforcement lacked a founded suspicion, let alone probable cause, to stop Ramsey because Sergeant Schwemley did not observe any transaction between Ramsey and the man at the house. See Berard v. State, 731 So.2d 768 (Fla. 2d DCA 1999); Tinson v. State, 650 So.2d 189 (Fla. 2d DCA 1995). In Berard, an officer was staking out a house that he had been informed was a pretty active place for drug sales. Before Berard was stopped, a vehicle with several occupants drove up to the house, one of the occupants went inside the house for thirty or forty seconds, came out, and left. The vehicle was stopped and an arrest was made for possession of marijuana. Berard and another man then drove up, went inside the house for thirty or forty seconds, came out, and left. They were stopped, and a consensual search produced cocaine and paraphernalia. During the surveillance operation, nine traffic stops were made resulting in five arrests. In holding that law enforcement did not demonstrate a founded suspicion to stop Berard, this court noted that the surveillance officer had no information that Berard was involved in illegal activity, he could not see what happened inside the house, he saw no money in Berard's hands as Berard went in the house, and he saw nothing illegal on Berard as he came out of the house. "[T]he inescapable fact was that no officer witnessed or heard anything to indicate that Berard was committing, had committed or was about to commit a crime." 731 So.2d at 769.
In Tinson, a house was under surveillance based on tips that drug dealing was taking place. During one hour, the surveillance officers observed eight cars drive up to the house and park, and the occupants of the cars went inside the house and left within five minutes. The officers could not hear any conversations or see whether anyone was holding anything as they left the house. They did observe one hand-to-hand transaction in the doorway. This court disagreed with the State's argument that these facts established founded suspicion for a stop: "The officers did not observe any activity by the defendant that could be considered a drug transaction, such as the exchange of money or a package. The sole basis for the traffic stop was that the defendant's car had stopped at this residence where the officers suspected drugs were being sold." 650 So.2d at 190.
Sergeant Schwemley's observations of Ramsey's activities failed to provide him with the founded suspicion necessary to direct the stop of Ramsey for the same reasons that the officers in Berard and Tinson lacked a founded suspicion to conduct the stops in those cases.
In its order denying Ramsey's motion to suppress, the trial court relied upon Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995). That case, in which this court held there *399 was probable cause to arrest, is distinguishable. Nevertheless, it also requires reversal of the present case. The officers in Revels witnessed two separate incidents of cars driving up to a location known for crack sales and a man sitting outside the house walking up to each car and engaging in a hand-to-hand transaction in which currency was exchanged for an unidentified object. Revels then drove up on his bicycle and engaged in a similar transaction. This court stated, "the fact that the officers witnessed the exchange of money in this case is critical to our decision.... The fact that the officers witnessed two prior exchanges on this same evening adds to the circumstances supporting probable cause." Id. at 215. Not only did Sergeant Schwemley not observe Ramsey engage in an exchange of any kind, he did not witness Ramsey in contact with anyone at the location under surveillance.
Accordingly, we reverse Ramsey's conviction for possession of cocaine.
CAMPBELL, A.C.J., and ISOM, CLAUDIA R., Associate Judge, Concur.
NOTES
[1] We reject the State's argument that Ramsey did not preserve this issue for review because he failed to request that the trial court make a finding regarding whether the denial of the motion to suppress was dispositive when he asserted that he wished to preserve his appellate rights in this case. It is the trial court's duty to announce whether preserved issues are dispositive. See Rust v. State, 742 So.2d 471 (Fla. 2d DCA 1999); Moore v. State, 647 So.2d 326 (Fla. 2d DCA 1994). Although typically we would remand for a determination of whether the preserved issue is dispositive, that is not necessary in this case because the denial of the motion to suppress the cocaine in this possession case is dispositive.