848 So.2d 475 (2003)
Jeffrey Lee HAWK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3734.
District Court of Appeal of Florida, Fifth District.
July 3, 2003.
*476 James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Jeffrey Hawk appeals the order denying his motion to suppress, which order was rendered on the ground that Hawk lacks standing to challenge the seizure of the evidence from the hotel room occupied by Hawk and his female friend, Ms. Maturo. On appeal, Hawk asserts that the court erred in determining that because Ms. Maturo had the key, had signed for the room and the room was in her name, Hawk had no standing to contest the seizure of cocaine from the room. The State's position is that the appeal should be dismissed because Hawk, who plead nolo contendere to the charge of possession of cocaine, failed to reserve his right to appeal and failed to obtain a finding by the court that the order below was dispositive. Because Hawk failed to reserve his right to appeal, we must dismiss Hawk's appeal for lack of jurisdiction.

THE FACTS
While investigating an unrelated disturbance call at a hotel, Deputy Diaz's attention was drawn to Hawk and Ms. Maturo, who were outside of their room, arguing in loud voices. By the time he reached them, the couple had gone back into their room. Deputy Diaz went to the door and knocked. Hearing the knock, Hawk went to the door, saw an officer standing there and "let the door go." Deputy Diaz stopped the door from closing completely and asked Hawk and Ms. Maturo to step out of the room. In response to the deputy's query, Ms. Maturo told the deputy the room was in her name. (She explained at the suppression hearing that Hawk had paid for the room, but the room was in her name because Hawk did not have any identification on him.). A consensual search of Hawk and Ms. Maturo uncovered nothing of an illicit nature. Deputy Diaz then asked Ms. Maturo if anyone else was in the room and whether he could search the room. Ms. Maturo said, "You can look, there's nobody else here." She did not, however, tell him that he could not enter the room. Hawk denied the deputy's request, but the deputy ignored him. The cocaine was located inside the room.
At the close of the defense testimony at Hawk's suppression hearing, the State asserted that the defense had the burden of establishing standing and had failed to do so.[1] It contended that because *477 the room was in Ms. Maturo's name and she had a key, only Ms. Maturo had an expectation of privacy. Defense counsel argued that the fact that the room was in Ms. Maturo's name was not determinative. The court ruled, "I think it's clear that she had the key, she signed for the room, it was in her name, therefore, the Defendant has no standing and the hearing is concluded." The trial court then entered the written order denying the motion to suppress.
Hawk subsequently decided to plead nolo contendere to the charge of possession of cocaine. Hawk's attorney announced at the plea hearing:
Your Honor, at this time Mr. Hawk will be pleading no contest to possession of cocaine. Reason he's pleading no contest, we had a suppression hearing last week, and at that time, of course, you denied our motion. It would have been dispositive, had the motion been granted, so we're asking the Court to make a finding that it was dispositive.
Defense counsel made no claim to preserving Hawk's right to appeal the denial of the suppression motion, nor did counsel obtain any ruling that the order on the suppression motion was dispositive.
Hawk entered the plea in exchange for a recommended 51-week jail sentence. The plea form does not contain a reservation of the right to appeal the order on Hawk's suppression motion.

NECESSITY OF RESERVATION OF RIGHT TO APPEAL
Section 924.06(3), Florida Statutes (2002)[2] and Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i)[3] clearly provide that a criminal defendant has no right to appeal following his or her entry of a nolo contendere plea in the absence of a reservation of the right to appeal an order which is legally dispositive. Moreover, the courts, including this court, have consistently held that absent an express reservation of the right to appeal at the time a plea is entered, the appeal must be dismissed. See, e.g., State v. Carr, 438 So.2d 826 (Fla.1983); Ward v. State, 585 So.2d 497 (Fla. 1st DCA 1991); Johnson v. State, *478 449 So.2d 988 (Fla. 1st DCA 1984); Feagin v. State, 438 So.2d 1082 (Fla. 1st DCA 1983); Chapin v. State, 427 So.2d 812 (Fla. 5th DCA 1983); see also McNamara v. State, 357 So.2d 410 (Fla.1978). Herein lies the problem with Hawk's attempted appeal: Hawk made no such reservation. Specifically, the plea form does not contain any reservation of Hawk's right to appeal and his oral plea was entered without such a reservation. Accordingly, Hawk's nolo contendere plea was entered without any reservation of his right to appeal, requiring that this court dismiss Hawk's appeal for lack of jurisdiction.

THE "DISPOSITIVENESS" REQUIREMENT
Not only did Hawk fail to reserve his right to appeal, but also Hawk failed to obtain a determination that the ruling on his suppression motion was dispositive. See State v. Carr, 438 So.2d 826, 828 (Fla. 1983) (reiterating that "an issue is preserved for appeal on a nolo plea only if it is dispositive of the case."); Teague v. State, 728 So.2d 1203, 1203 (Fla. 5th DCA 1999) ("When a defendant enters a plea of nolo contendere, absent a showing that the issue challenged on appeal is dispositive of the underlying case, this court lacks jurisdiction to review the issue.") (citing Benelhocine v. State, 717 So.2d 103 (Fla. 2d DCA 1998); White v. State, 661 So.2d 40 (Fla. 2d DCA 1995)); see also Jones v. State, 806 So.2d 590, 592 (Fla. 5th DCA 2002) ("An issue is legally dispositive only if it is clear that regardless of whether the appellate court affirms or reverses the trial court's decision, there will be no trial.") (citations omitted).
In the instant case, the State did not stipulate the suppression order was dispositive, and the trial court made no such finding. Regardless, had Hawk reserved his right to appeal, under the facts of this case this court would not have held the lack of a finding of dispositiveness against Hawk. This is so because Hawk's attorney expressly asked for a finding of dispositiveness and it was the trial court's duty to thereafter rule. See Ramsey v. State, 766 So.2d 397, 397 n. 1 (Fla. 2d DCA 2000) ("It is the trial court's duty to announce whether preserved issues are dispositive.") (citing Rust v. State, 742 So.2d 471 (Fla. 2d DCA 1999); Moore v. State, 647 So.2d 326 (Fla. 2d DCA 1994)).
Furthermore, Brown v. State, 376 So.2d 382 (Fla.1979), has been interpreted as holding that in cases where the defendant is charged only with possession, such as in the instant case, an order denying the suppression of the contraband will be presumptively dispositive for purposes of appeal. See Ruiz v. State, 416 So.2d 32, 33 (Fla. 5th DCA 1982) (citing Sommers v. State, 404 So.2d 366, 369 n. 2 (Fla. 2d DCA 1981)); see also Howard v. State, 515 So.2d 346 (Fla. 1st DCA 1987) (holding that a trial court's denial of a motion to suppress in a drug case is dispositive where the state has no other evidence with which it can proceed to trial against the defendant). Thus, the lack of an express finding of dispositiveness in this case would not have been fatal. As it stands, however, Hawk's failure to reserve his right to appeal is determinative of this court's jurisdiction.

CONCLUSION
Hawk's failure to enter his plea with a reservation of his right to appeal the ruling on his suppression motion is insurmountable. This court lacks jurisdiction *479 and therefore must dismiss the appeal.[4]
DISMISSED.
SHARP, W. and PALMER, JJ., concur.
NOTES
[1] "A defendant who moves to suppress evidence on the ground that it was seized in violation of the Fourth Amendment has the burden of establishing that he or she has standing to object to the seizure." State v. Bostick, 745 So.2d 496, 497 (Fla. 1st DCA 1999) (citing Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); State v. Singleton, 595 So.2d 44 (Fla.1992)). The issue of standing is not to be decided separately from the substantive issues, however. Dean v. State, 478 So.2d 38, 41 (Fla.1985) ("We hold that the determination of whether the proponent of a motion to suppress is entitled to contest the legality of a search and seizure must take into consideration the substantive fourth amendment issues as well as the concept of standing."); Sparkman v. State, 482 So.2d 421 (Fla. 5th DCA 1985) (reversing order denying defendant's suppression motion because the trial court had decided the motion solely on the issue of defendant's standing); see also Andrews v. State, 536 So.2d 1108 (Fla. 4th DCA 1988) (reversing for a proper suppression hearing where trial court had merely determined that defendant lacked standing to challenge evidence without also making inquiry into substantive Fourth Amendment issues), review denied, 544 So.2d 200 (Fla.1989).
[2] Section 924.06(3) provides, "A defendant who pleads guilty with no express reservation of the right to appeal a legally dispositive issue, or a defendant who pleads nolo contendere with no express reservation of the right to appeal a legally dispositive issue, shall have no right to a direct appeal."
[3] Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i) likewise states:

A. Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(i) Reservation of Right to Appeal. A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
[4] We note that the dismissal of Hawk's appeal does not preclude Hawk from raising an ineffective assistance of counsel claim.