ORFINGER, J.
Following the denial of his motion to suppress, Patrick Bouchier pled guilty to possession of a controlled substance and possession of drug paraphernalia., He now appeals, contending that the trial court erred when it denied his motion to suppress. Because we lack jurisdiction to consider Bouchier’s claim, we dismiss the appeal.
Bouchier entered his plea without reserving the right to appeal. “A defendant who pleads guilty with no express reservation of the right to appeal a legally disposi-tive issue ... shall have no right to a direct appeal.” § 924.06(3), Fla. Stat. (2005).[1] This Court has consistently held that absent an express reservation of the right to appeal at the time a plea is entered, the appeal must be dismissed. See e.g., Hawk v. State, 848 So.2d 475 (Fla. 5th DCA 2003). Because Bouchier entered his plea without reserving his right to appeal the ruling on his motion to suppress, this Court lacks jurisdiction to consider Bou-chier’s claims and must dismiss the appeal.
DISMISSED.
SHARP, W. and PETERSON, JJ., concur.

. Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i) also provides that a defendant may not appeal from a guilty or nolo contendere plea unless the defendant expressly reserves the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.