ON MOTION FOR REHEARING

PER CURIAM.
Pursuant to appellant’s motion for rehearing, we withdraw the opinion issued in this cause on July 20, 2006, and substitute the following in its place.
George Regan Jones appeals his convictions for various offenses of possession of and trafficking in drugs, entered following his nolo contendere pleas, conditioned on his right to appeal the denial of his motion to suppress the search of the house from which the drugs were obtained. For the *130 reasons following, we dismiss the appeal and remand the case with directions.
Without addressing the merits of the motion, the lower court decided only that appellant did not have standing to contest the search on the ground that he was not a resident of the house searched.[1] Because it appeared to this court that the trial court’s determination of standing was not dispositive of the case, meaning that “regardless of whether the appellate court affirms or reverses the lower court’s decision, there will be no trial of the case,” Morgan v. State, 486 So.2d 1356, 1357 (Fla. 1st DCA 1986), we relinquished jurisdiction to the trial court for a decision on whether the order to be reviewed was dispositive. On remand, the court decided only that a ruling on the motion to suppress would be dispositive, not that its specific ruling on standing was dispositive of all issues, as the parties themselves agreed that the ruling would have no such effect.
In that it clearly appears from the record that the court’s ruling on standing would not preclude the trial of the case, we are required to DISMISS this appeal and REMAND the case to the trial court with directions to conduct an evidentiary hearing and rule on the substantive merits of the motion to suppress. Pursuant to the terms of the negotiated plea agreement, if the trial court denies the motion to suppress on the merits, appellant may appeal the ruling.
ERVIN, DAVIS, and LEWIS, JJ., concur.

. The court should not have limited its determination solely to the question of standing, but should have resolved as well the merits of the motion to suppress. See Dean v. State, 478 So.2d 38 (Fla.1985); Andrews v. State, 536 So.2d 1108 (Fla. 4th DCA 1988), review denied, 544 So.2d 200 (Fla.1989); Sparkman v. State, 482 So.2d 421 (Fla. 5th DCA 1985).