ON MOTION FOR REHEARING

PER CURIAM.
We grant the Appellant’s motion for rehearing and withdraw our opinion dated April 27, 2011, and issue the following in its place:
Fritz Pamphile appeals his conviction for unauthorized possession of a driver’s license or identification card based upon the trial court’s denial of his motion to suppress. After the trial court denied his motion to suppress, Pamphile pled nolo contendere to the charge and was sentenced to ten days in the Palm Beach County jail followed by two years of probation. While we acknowledge that the merits of Pamphile’s appeal appear to be strong, his defense attorney did not properly reserve Pamphile’s right to appeal. As such, we have no choice but to affirm the trial court on this direct appeal.
As a general rule, defendants may not directly appeal after pleading guilty or nolo contendere. Fla. R. App. P. 9.140(b)(2)(A). However, a defendant will be permitted to appeal certain issues after pleading guilty or nolo contendere if the right to appeal is properly reserved. Fla. R. App. P. 9.140(b)(2)(A)(i) (“A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.”); § 924.06(3), Fla. Stat. (2008) (“[A] defendant who pleads nolo contendere with no express reservation of the right to appeal a legally disposi-tive issue, shall have no right to a direct appeal.”). Thus, without both an express reservation of the right to appeal and a finding that the issue is dispositive, through either a trial court’s ruling or a stipulation by the state, a defendant who pleads guilty or nolo contendere has no right to a direct appeal.
In the instant case, nothing in the record reflects that Pamphile’s attorney expressly reserved Pamphile’s right to appeal the denial of the motion to suppress. Pamphile and his attorney signed a pre-printed standardized document that is intended to reiterate, in written form, the various rights being waived and acknowl-edgements that are part of a legally sound colloquy between a defendant and the court (“the plea form”).
The plea form is devoid of an express reservation of the right to appeal and likewise the colloquy before the trial court did not include the defendant’s ex *109 press reservation of his right to appeal.[1]
Pamphile’s attorney also failed to obtain a proper finding that the ruling on the motion to suppress was dispositive. The plea form contained standard language indicating that the defendant acknowledged a waiver of his right to appeal, next to which Pamphile placed his initials. Below the waiver and Pamphile’s initials, someone interlineated the words, “Defendant pleads nolo contendere and the parties stipulate that the motion to suppress is dispositive.”[2] It is unclear who wrote this on the plea form, and more importantly, only Pamphile’s signature and that of his attorney appear on the plea form. There is no indication in the record that the state even knew it was written on the plea form. Indeed, there is no space on the plea form for a representative of the state to sign. Additionally, the colloquy between the court and Pamphile did not, in any way, address a reservation of a right to appeal. On the contrary, the defendant acknowledged he was waiving “each and every one of [his] constitutional rights.” Even so, had this been the only flaw in the defense attorney’s attempt to reserve his client’s right to appeal, we could have addressed the merits of this direct appeal. We have previously held that when a motion to suppress attempts to suppress contraband and the charges the defendant faces are for possession of that contraband, then a finding of dispositiveness is essentially presumed. See Diaz v. State, 34 So.3d 797, 801 (Fla. 4th DCA 2010) (“[W]here a motion tests the suppression of contraband which the defendant is charged with possessing, the motion is usually considered dispositive in the case.”) (citation and quotation marks omitted).
Therefore, while the lack of a finding of dispositiveness is not fatal to Pamphile’s direct appeal, his attorney’s failure to expressly reserve the right to appeal the denial of the suppression motion is fatal. See Hawk v. State, 848 So.2d 475 (Fla. 5th DCA 2003).
While Pamphile did not properly reserve his right to appeal, based on the record before us, it appears that he may have a claim for ineffective assistance of counsel which is cognizable under Florida Rule of Criminal Procedure 3.850. See, e.g., Barnhill v. State, 828 So.2d 405, 407 (Fla. 5th DCA 2002) (acknowledging that a defendant may challenge a guilty plea in a rule 3.850 motion based on “allegations regarding the ineffective assistance of defense counsel in counsel’s efforts to represent the defendant during the plea proceedings”) (citation omitted); Howard v. State, 824 So.2d 1015, 1016 (Fla. 5th DCA 2002) (noting that filing a rule 3.850 motion alleging ineffective assistance of counsel is the appropriate remedy for a defendant whose attorney advised him or her to plead guilty without reserving the right to appeal).

Affirmed.

POLEN, HAZOURI and CIKLIN, JJ., concur.

. At the conclusion of the plea hearing, Pam-phile’s attorney stated, "As you can probably see, we're going to move forward with an appeal.” We find this statement does not constitute a legally cognizable express reservation.

. The actual language was "Á pleads NC and the parties stipulate that the MTS is disposi-tive.”