SWANSON, J.,
dissenting.
I respectfully dissent.
In this case, Appellant entered a plea of no contest and sought to preserve for appeal his motion to suppress a purported confession as well as the trial court’s ruling on the admissibility of child hearsay. When a trial court receives a plea pursuant to Florida Rule of Criminal Procedure 3.172, and the defendant seeks to reserve a question of law for appeal, it is well settled that the trial court is obligated to determine the dispositive nature of the question or questions. Everett v. State, 535 So.2d 667 (Fla. 2d DCA 1988). The majority has concluded, in essence, as a matter of judicial economy and based upon review of the entire record, to affirm. There is authority for such action. Rust v. State, 742 So.2d 471 (Fla. 2d DCA 1999).
Nonetheless, without a ruling from the trial court as to whether the above two issues were dispositive, I am of the opinion this case should be remanded to the trial court for appropriate findings.
*905 As discussed in Judge Benton’s concurring opinion, one could reasonably conclude Appellant’s plea was induced by a belief that the trial court rulings on the confession and child hearsay issues would be addressed on appeal. Remand, as contemplated by this dissent, would result in further proceedings where the defendant had the benefit of counsel. At that point, the defendant would at least have the opportunity to further consider, with the benefit of counsel, whether to file a motion for relief from judgment. Fla. R.Crim. P. 3.850(A)(5). Given the totality of this record, I conclude the Appellant should be given that opportunity.