IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL V. GRIMES,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-782

_____/

Opinion filed January 10, 2017.

An appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

Nancy A. Daniels, Public Defender, and Megan Lynne Long, Assistant Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, for Appellee.

ON MOTION FOR REHEARING, REHEARING EN BANC,
AND CLARIFICATION

MAKAR, J.

     We grant rehearing, withdraw our previous opinion, substitute this opinion, and affirm. Initially this appeal was dismissed without prejudice because we determined that the entrapment issue raised on appeal was not dispositive, thereby

allowing Appellant to seek to withdraw his plea on remand. We did so on the basis of <u>Morgan v. State</u>, 486 So. 2d 1356 (Fla. 1st DCA 1986), which holds that we have the power to independently review whether a motion is dispositive for purposes of establishing jurisdiction in this Court.

In response, Appellant moved for relief from our dismissal, noting that the parties had stipulated that his motion to dismiss was dispositive and that he had reserved his right to appeal the denial of his motion.[1] He points to a line of cases in this Court that support his position that when parties stipulate to an issue or motion as being dispositive, the appellate court must accept the parties' stipulation and review the merits of the issue preserved. <u>See</u> <u>Robinson v. State</u>, 885 So. 2d 951 (Fla. 1st DCA 2004); <u>Phuagnong v. State</u>, 714 So. 2d 527 (Fla. 1st DCA 1998); <u>Zeigler v. State</u>, 471 So. 2d 172 (Fla. 1st DCA 1985); <u>see also</u> <u>Mylock v. State</u>, 750 So. 2d 144, 146 (Fla. 1st DCA 2000) ("Where the parties stipulate that an issue is dispositive, we will not 'go behind the stipulation of the parties in an effort to ascertain whether the issue is truly dispositive.'") (citing <u>Phuagnong</u>). Indeed,

_____

[1] <u>See</u> § 924.06 (3), Fla. Stat. (2016) ("A defendant who pleads guilty with no express reservation of the right to appeal a legally dispositive issue, or a defendant who pleads nolo contendere with no express reservation of the right to appeal a legally dispositive issue, shall have no right to a direct appeal."); <u>Pamphile v. State</u>, 65 So. 3d 107, 108 (Fla. 4th DCA 2011) ("[W]ithout both an express reservation of the right to appeal *and* a finding that the issue is dispositive, through either a trial court's ruling or a stipulation by the state, a defendant who pleads guilty or nolo contendere has no right to a direct appeal.")

2

in Jackson v. State, 382 So. 2d 749 (Fla. 1st DCA 1980)—a decision affirmed by the Florida Supreme Court, 392 So. 2d 1324 (Fla. 1981)—we held that where the parties had stipulated that a confession was dispositive we were empowered to review the appeal on the merits.

For its part, the State argues that the state attorney below erred in stipulating that the motion to dismiss was dispositive, but simultaneously notes that "[w]hen the parties stipulate in the trial court that an issue is determinative in this sense, the state is foreclosed from arguing otherwise on appeal." See Griffin v. State, 753 So. 2d 676, 677 (Fla. 1st DCA 2000) (citing Phuagnong). It asks that we stand by our dismissal without prejudice or, alternatively, if we proceed to the merits to affirm.

It is clear that two sets of precedent (Zeigler and Morgan) have coexisted for decades in this Court's jurisprudence as to the scope of power an appellate panel has in situations involving motions to dismiss that are claimed to be dispositive or stipulated as such. See Beermunder v. State, 191 So. 3d 1000, 1001 (Fla. 1st DCA 2016) ("Two lines of inconsistent cases have been cohabitating in our Court's jurisprudence since the mid–1980s, making the answer murky" as to what a panel is to do) (Makar, J., concurring in result). One says we should not second-guess the stipulation and, instead, proceed to the merits (Zeigler); the second says we may disagree with a stipulation and dismiss the appeal, but allow for withdrawal of the plea deal on remand (Morgan) (noting that it "need not decide whether this court is

3

*bound* to consider an appeal on the merits where the state has stipulated to dispositiveness . . . in spite of a record which clearly shows that the state would be able to proceed to trial regardless of the admissibility of the disputed evidence." Morgan, 486 So. 2d at 1358–59).

In deciding this case, we find instructive that our supreme court affirmed this Court's decision in Jackson v. State, 382 So. 2d 749 (Fla. 1st DCA 1980), which used an approach—subsequently adopted in Zeigler and its progeny—that focuses on whether the parties' stipulation as to dispositiveness brings an end to the case, regardless of whether the motion might later be deemed legally non-dispositive. Most district courts follow this approach, one that is consistent with Florida Supreme Court precedents. See Beermunder, 191 So. 3d at 1003 ("the approach most district courts follow is consistent with Zeigler; it is also consistent with the Florida Supreme Court's decision in *Brown v. State,* 376 So. 2d 382 (Fla.1979), and this Court's decision in *Jackson.*") (Makar, J., concurring in result). We note that Morgan explicitly avoided addressing whether a panel *must* consider the merits of an appeal where a stipulation exists. Morgan, 486 So. 2d at 1358-59. Thus, rather than dismiss this appeal, we address the merits of the confession issue that Appellant and the State deemed dispositive in this case. In doing so, we find no basis for error and affirm. Because of the recurring nature and uncertainty as to cases in which the State and a

defendant have stipulated to dispositiveness as the basis for an appeal, we certify the

following question as being one of great public importance:

> WHETHER AN APPELLATE COURT MUST CONSIDER THE MERITS OF A MOTION WHERE A STIPULATION EXISTS THAT THE MOTION IS DISPOSITIVE OR MAY IT MAKE ITS OWN INDEPENDENT DETERMINATION OF WHETHER THE MOTION IS DISPOSITIVE AND DECLINE REVIEW IF IT DISAGREES WITH THE STIPULATION?

BILBREY and M.K. THOMAS, JJ., CONCUR.