IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PHILLIP BROOKS TAYLOR,

     Appellant,

 v.

Case Nos.  5D17-2236
and 5D17-2237

STATE OF FLORIDA,

     Appellee.

_____/

Decision filed August 31, 2018

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Amanda C. Micallef, Ocala, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Deborah A. Chance, Assistant Attorney General, Daytona Beach, for Appellee.


PER CURIAM.

    AFFIRMED.

PALMER and LAMBERT, JJ., concur.
COHEN, C.J., concurs, and concurs specially, with opinion.

COHEN, C.J., concurring specially, with opinion.

Under the circumstances of this case, I am compelled to affirm, but write to note aspects of the proceedings that I find troubling.

This appeal consolidates two cases—one a violation of probation, the other the new charges of possession of morphine and methamphetamine that formed the basis of the violation of probation.[1] On appeal, Taylor argues that the trial court: (1) abused its discretion in denying his request to continue the hearing on his motion to suppress the contraband, which he filed in both cases; (2) abused its discretion in finding he violated his probation with new charges because there was insufficient evidence to support such a finding; and (3) erred in denying his motion to suppress as there was no lawful consent for the search of his vehicle.

The new charges arose from a traffic stop that occurred on January 31, 2017. The State filed an affidavit of violation of probation on February 6 and an information regarding the new charges on March 9. The trial court set a hearing on the violation of probation, as well as a status conference on the new charges, for May 5.

At the request of the State, depositions of the deputies involved in the traffic stop were set for May 2. Almost immediately after those depositions, Taylor filed a motion to suppress and secured a hearing date on the motion for June 14.[2]

---

[1] Taylor was on probation after entering a plea of nolo contendere to the charges of possession of heroin and methamphetamine. Condition 5 of his probation required that Taylor not violate any laws.

[2] The motion to suppress alleged a warrantless search of Taylor's vehicle. Taylor argued that he did not consent to the search, contrary to the testimony of the arresting deputies.

2

At the onset of the May 5 violation of probation hearing, Taylor requested a continuance. Taylor explained that a motion to suppress was filed following the depositions two days earlier and time was needed to secure the necessary transcripts for the hearing. Taylor also represented that two eyewitnesses who supported his claim that he had not consented to the search of the vehicle were not present.

The trial court asked the State if it was ready to proceed, and when the State answered affirmatively, the court denied Taylor's request for a continuance. However, the court stated that it would "bifurcate" the hearing to June 14, explaining that Taylor would "essentially . . . get[] some free discovery" and have the opportunity to secure the witnesses.

The State then informed the court that it was also ready to proceed on Taylor's motion to suppress, noting that "[e]ven though it was filed yesterday, all of the deputies are here." Over Taylor's objection, the court allowed the State to proceed on the motion to suppress.

Having convinced the court to go forward with the motion to suppress knowing that Taylor had not had the opportunity to have the deputies' depositions transcribed, the State further exacerbated the situation by successfully limiting Taylor's impeachment of the deputies' testimony. When Taylor attempted to impeach the deputies' testimony with statements made during deposition, the following exchange occurred:

> DEFENSE: Do you remember your description of the traffic at that time?
>
> STATE: Objection, Your Honor. I'm going to say improper impeachment. **She doesn't have the transcripts to show the deputy what he said at his deposition.**
>
> THE COURT: Okay. I'm going to sustain the objection. Do you have the depo yet?

3

DEFENSE: No. It was two days ago.

Taylor reminded the court that a continuance had been requested for just that reason. This scenario repeated itself throughout the hearing.

Under these circumstances, Taylor should have been given leeway in cross-examining the deputies. At the bidding of the State, as well as without notice and over objection, the trial court advanced the hearing on Taylor's motion to suppress from June 14 to May 5, despite the fact that depositions had just taken place and the pertinent transcripts were not yet available. Had the court not "bifurcated" the hearing, allowing Taylor time to secure the witnesses he claimed supported his position that he did not consent to the search, we likely would have found the procedure advanced by the State and accepted by the court to have constituted an abuse of discretion. See, e.g., Trocola v. State, 867 So. 2d 1229, 1230–32 (Fla. 5th DCA 2004) (finding that trial court abused its discretion in denying defense's request for a continuance where defense was not afforded a reasonable opportunity to investigate and prepare defenses). However, the court's bifurcation of the hearing gave Taylor over thirty days to secure the necessary witnesses and otherwise prepare for the continued motion to suppress hearing on June 14.[3]

Following the June 14 hearing, the court denied Taylor's motion to suppress. Taylor requested that the motion be deemed dispositive—the court refused to make that determination, one way or the other, and the State disagreed that the motion was dispositive. It is difficult to comprehend the actions of the court and State regarding Taylor's request. First, because Taylor "expressly asked for a finding of dispositiveness[,]

---

[3] Notably, the witnesses were not present at the continued hearing.

it was the trial court's duty to thereafter rule." See Hawk v. State, 848 So. 2d 475, 478 (Fla. 5th DCA 2003) (citing Ramsey v. State, 766 So. 2d 397, 397 n.1 (Fla. 2d DCA 2000)). Additionally, "in cases where the defendant is charged only with possession, such as in the instant case, an order denying the suppression of the contraband will be presumptively dispositive for purposes of appeal." Id. (citations omitted).

The trial court had an obligation to rule on Taylor's request to determine whether the motion to suppress was dispositive. The State's refusal to concede the obvious was disingenuous at best. However, Taylor ultimately entered a plea of nolo contendere to the new charges without reserving his right to appeal the denied motion to suppress. Therefore, this Court does not have jurisdiction to review the issue on appeal in case number 5D17-2237. Id. at 477–78. And, because the trial court accepted the testimony of the deputies over Taylor's on the issue of consent to the search in the violation of probation case, we are compelled to affirm in case number 5D17-2236.