# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4965

_____

EDWARD LEWIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Thomas Dannheisser, Judge.

December 31, 2018

B.L. THOMAS, C.J.

Appellant challenges the trial court's denial of his dispositive motion to suppress methamphetamine and drug paraphernalia found during a search. Because Appellant pled no contest without expressly reserving the right to appeal the ruling on his motion, we dismiss for lack of jurisdiction.

Appellant was charged by information with possession of hydrocodone, possession of cocaine, possession of cannabis less than 20 grams, and possession of drug paraphernalia. Appellant pled no contest to all counts and was sentenced to 24 months' probation on the hydrocodone and cocaine possession counts, and 12 months' probation on the marijuana and paraphernalia counts, with all sentences to run concurrently. Less than nine months after Appellant was sentenced, the State filed an

affidavit alleging that Appellant had violated the terms of his probation by committing a new law offense of amphetamine trafficking and drug equipment possession.

Appellant filed a motion to suppress, arguing that the alleged methamphetamine and drug paraphernalia were seized as a result of an illegal stop, and any tangible evidence seized was done so without warrant or probable cause. The parties agreed that the motion to suppress was dispositive. At a hearing on the motion, the trial court admitted into evidence two DVDs and one CD, which the State asserted contained a video of Appellant traveling through a stop sign without fully stopping, and an audio of an Escambia County Sheriff's deputy informing Appellant that an odor of marijuana was coming from his vehicle. Following the stop, deputies searched Appellant's vehicle and found approximately 47 grams of methamphetamine. The trial court found that the deputies had probable cause to stop Appellant, and denied his motion to suppress.

Appellant pled no contest to violation of probation, no contest to the new offense of possession of drug paraphernalia, and no contest to the lesser included offense of possession of methamphetamine, more than 14 grams but less than 28 grams. Appellant signed a plea form, which indicated that Appellant waived, *inter alia*, his right to appeal all matters, including the issue of guilt or innocence. The plea form contained no indication that Appellant was expressly reserving his right to appeal the dispositive motion to suppress, nor did Appellant expressly reserve the right to appeal the trial court's ruling on the dispositive motion at the hearing.

Generally, defendants may not directly appeal a ruling after pleading guilty or nolo contendere. § 924.06(3), Fla. Stat. (2016) ("A defendant who pleads . . . nolo contendere with no express reservation of the right to appeal a legally dispositive issue[]shall have no right to a direct appeal."); *Grimes v. State*, 208 So. 3d 323, 324 n.1 (Fla. 1st DCA 2017) ("'[W]ithout both an express reservation of the right to appeal and a finding that the issue is dispositive, through either a trial court's ruling or a stipulation by the state, a defendant who pleads guilty or nolo contendere has no right to a direct appeal.'") (emphasis removed) (quoting *Pamphile v. State*, 65 So. 3d 107, 108 (Fla. 4th DCA 2011)); *Hawk*

2

*v. State*, 848 So. 2d 475, 478-79 (Fla. 5th DCA 2003); Fla. R. App. P. 9.140(b)(2)(A)(i) ("A defendant who pleads guilty or nolo contendere may *expressly* reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved." (emphasis added)).

The parties stipulated that Appellant's motion to suppress was dispositive; however, nothing in the record reflects Appellant's express reservation of his right to appeal the dispositive issue. We therefore dismiss the appeal for lack of jurisdiction.

DISMISSED.

MAKAR and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Frank Xavier Moehrle, Jr. and Amanda D. Stokes, Assistant Attorneys General, Tallahassee, for Appellee.