# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

————————————————

AARON NUGENT,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-0613

————————————————

May 7, 2025

Appeal from the County Court for Pinellas County; Theodora C. Komninos, Judge.

Jeremy Clark and Tyler Vaughn of Clark|Hartpence Law, St. Petersburg, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Allison C. Heim, Assistant Attorney General, Tampa, for Appellee.

SLEET, Chief Judge.

Aaron Nugent appeals from his judgment and sentence for misdemeanor violation of license restriction. He entered a negotiated no contest plea to the charge, and the county court sentenced him pursuant to agreement to fifteen days' county jail to be served as electronic monitoring. On appeal, he argues that the trial court erred in denying

his motions to dismiss.  However, because Nugent failed at his plea hearing and in the written plea agreement to expressly reserve his right to appellate review of the denial of these motions, we affirm.  *See* § 924.06(3), Fla. Stat. (2024) ("A defendant who pleads . . . nolo contendere with no *express* reservation of the right to appeal a legally dispositive issue, shall have no right to a direct appeal." (emphasis added)); Fla. R. App. P. 9.140(b)(2)(A)(i) ("A defendant who pleads guilty or nolo contendere may *expressly* reserve the right to appeal a prior dispositive order of the lower tribunal, *identifying with particularity* the point of law being reserved." (emphasis added)).

Although defense counsel sought a ruling of dispositiveness, the case law indicates that such is not enough to satisfy the reservation requirement.  *See Pamphile v. State*, 65 So. 3d 107, 108 (Fla. 4th DCA 2011) ("[W]ithout both an express reservation of the right to appeal *and* a finding that the issue is dispositive, . . . a defendant who pleads guilty or nolo contendere has no right to a direct appeal."); *Hawk v. State*, 848 So. 2d 475, 477-78 (Fla. 5th DCA 2003) (concluding that "the plea form . . . not contain[ing] any reservation of Hawk's right to appeal and his oral plea [being] entered without such a reservation" was "insurmountable" and precluded relief despite defense counsel having asked the trial court to make a finding that the denial of his motion to suppress was dispositive); *see also Lewis v. State*, 262 So. 3d 859, 861 (Fla. 1st DCA 2018) (concluding the statute and rule were not satisfied where although "[t]he parties stipulated that Appellant's motion to suppress was dispositive[,] . . . nothing in the record reflects Appellant's express reservation of his right to appeal the dispositive issue"); *Clough v. State*, 139 So. 3d 312, *1 (Fla. 4th DCA 2014) (table decision) (affirming where "the written plea agreement signed by appellant, defense counsel, and

the prosecutor stipulated that the denial of his motion to suppress was dispositive" and "[t]he prosecutor . . . orally agreed to this stipulation during the plea colloquy" but "appellant did not expressly reserve his right to appeal the denial of the motion, either in the written plea agreement or during his oral plea colloquy").

Accordingly, we must affirm. *See Leonard v. State*, 760 So. 2d 114, 119 (Fla. 2000). However, we do so without prejudice to any right Nugent may have to file a Florida Rule of Criminal Procedure 3.850 motion. *See Pamphile*, 65 So. 3d at 109 (citing *Howard v. State*, 824 So. 2d 1015, 1016 (Fla. 5th DCA 2002), for the proposition that "filing a rule 3.850 motion alleging ineffective assistance of counsel is the appropriate remedy for a defendant whose attorney advised him or her to plead . . . without reserving the right to appeal").

Affirmed.

SILBERMAN and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.